### E. H. ANDREWS ET AL. V. WILLIAM KERR.

FILED APRIL 21, 1898. No. 8021.

1. **Review Without Bill of Exceptions.** If there is no proper bill of exceptions in the record, no question can be determined which for its consideration necessitates a reference to matters which must be made of the record by or through such a document.

2. **Review: REVERSAL.** To warrant a reversal, that errors have been committed and the rights of the complaining party were prejudicially affected thereby must affirmatively appear of the record.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Affirmed.*

*Greene & Hostetler,* for plaintiffs in error.

*Capps & Stevens, contra.*

HARRISON, C. J.

Action on a promissory note, in which, by answer filed, the defendant admitted the due execution and delivery of the instrument in suit, but alleged that it was given to evidence in part an indebtedness arising in a contract of sale of a horse, of the terms of which there was a warranty that the animal was "sound and all right," relied on by defendant, but which was untrue, in that the horse

Andrews v. Kerr.

was a "cribber" or "crib-biter;" that by the breach of
the warranty the defendant had been damaged in a
stated sum. As the result of a trial of the issues joined
the plaintiff was accorded a recovery of the full amount
of his claim as asserted. Defendant seeks a review in this
court. The bill of exceptions, on the hearing of a motion
having such purpose, was quashed, and cannot be con-
sidered.

One of the assignments of error relative to the instruc-
tions given is that the court informed the jury "that the
defendant had admitted the plaintiff's cause of action, and
the allegations of the petition were to be considered as
true." The complaint here is that by the petition it was
asserted that the defendant was indebted to the plaintiff
in the sum stated in the note in suit, and interest thereon,
and that this was true was not admitted. In this there
was no error. The defendant did admit that he had be-
come indebted to the plaintiff in the amount of the note
and interest, but pleaded that by reason of the breach of
the warranty of the horse, of the consideration for the
sale of which, to the defendant, the note in suit evidenced
a part, the defendant had been damaged, and for such
damages asked an allowance.

There are other assignments in relation to the instruc-
tions, which are urged in argument in the brief, but to
determine whether the errors, if any were committed,
were prejudicial to the rights of the complainant would
necessitate a reference to, and consideration in this con-
nection of, the evidential matters in the bill of excep-
tions, and these are not before us. There may have ex-
isted conditions of the evidence with which any of this
branch of the errors assigned could not have been preju-
dicially erroneous, and to establish that errors may have
been or were committed is not sufficient to secure a re-
versal of a judgment in an action. It must further af-
firmatively appear from the record that the errors were
prejudicial to the rights of the complaining party.
(*Tracey v. State*, 46 Neb. 361.)

There being no bill of exceptions, we cannot consider the assignment that the verdict lacked evidence to sustain it. (*Appelget v. McWhinney*, 41 Neb. 253; *Becker v. Simonds*, 33 Neb. 680.)

The petition contained statements sufficient to constitute a cause of action, and a proper prayer for relief. The material allegations were admitted, and no prejudicial errors appear of record; hence the judgment must be

AFFIRMED.