ADDISON MOORE, APPELLEE, V. JOHN STURM, APPELLANT.

FILED MARCH 24, 1911.  No. 16,364.

1. **Trial:** REMARKS OF JUDGE. Remarks of the district judge while impaneling the jury set out in the opinion, and *held* not to constitute reversible error.

2. ———: INSTRUCTIONS. An instruction on the measure of damages, couched in language which would be construed by ordinary minds to accord with the well-settled rule governing that question, will not be presumed to be misleading.

3. **Appeal:** ADMISSION OF EVIDENCE. Where a ruling on the admissibility or competency of certain evidence is reserved, and the evidence is afterwards excluded, and the jury are instructed to wholly disregard it, its tentative reception does not, under ordinary circumstance, require a reversal of the judgment.

4. ———: EVIDENCE: REVIEW. A party cannot predicate error upon the exclusion of evidence offered by him if it is finally received and considered by the jury.

5. **Evidence** examined, and found to be sufficient to sustain the verdict, and that the verdict was not excessive.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*George A. Adams*, for appellant.

*W. B. Comstock, contra.*

BARNES, J.

Action by John E. Moore as next friend of the plaintiff, his minor child, for damages for an assault and battery. The plaintiff had the verdict and judgment, and the defendant has appealed.

It appears that the defendant, a man about 68 years old, assaulted the plaintiff, who at that time was about 3 years of age. The injuries complained of consisted of a broken collar bone and certain bruises upon his person.

The defendant's first contention is that the district judge, by certain remarks while the jury were being impaneled, committed reversible error. It appears that one Rudd, during his *voir dire* examination, stated, in substance, that owing to his sympathy for children he felt that he was disqualified; in other words, that he could not render a fair and impartial verdict. Defendant challenged the juror for cause, and thereupon the court said: "I am going to sustain the challenge, but I don't do so because I think it is proper to do it. We have plenty of jurors here, and we can undoubtedly impanel a jury and get jurors without any feeling. There- is no doubt in my mind but what this juror could give a fair verdict. I haven't any doubt that Mr. Rudd could give a fair verdict. His sympathy for the child is not probably any greater than any other human being's. As long as we have plenty of jurors in the room, I will sustain the challenge." By the juror: "Judge, don't you think, when a person is the father of a family of three children, that it would influence him?" By the court: "I think, if you comprehended the import of the question, you would not stultify yourself by saying that you could not be fair. It is equivalent to saying that you could not conscientiously do your duty. I think you are a fair man and could and would do your duty." Thereupon the juror was excused.

It is claimed that the foregoing statements were prejudicial to the rights of the defendant and resulted in an excessive verdict. We think this contention is without merit. We are unable to see how the statement of the presiding judge, that in his opinion the juror could render a fair and impartial verdict, could result in prejudice to any one. The defendant's argument on this point is neither convincing nor persuasive. It also appears that the matter was thought to be of little importance at the time it occurred, for counsel did not propound the same or like questions to the other members of the jury. We therefore conclude that the remarks complained of are not of sufficient importance to require a reversal of the judgment.

Defendant's second contention is that the court erred by instructing the jury as follows: "No. 4. If you find from the evidence in favor of the plaintiff, you will find such an amount of damages as will compensate him for the injuries received. You will allow him no speculative damages by way of punishment, but such as are compensatory. You may take into consideration the character of his injuries, whether permanent or temporary. You may consider such pain and suffering as was occasioned by the injuries, and all the facts and circumstances shown in evidence bearing upon the damages suffered." Defendant's argument is that the instruction speaks only of speculative damages, and not of punitive damages or smart money, and that the court did not instruct the jury that the plaintiff could not recover punitive damages by way of smart money, although such an instruction was requested. It is also contended that the word "such" as used in the instruction refers to the adjective "speculative," and not to the noun "damages." We do not so understand the instruction. To us it seems clear and plain that the jury were informed that they were not to allow the plaintiff speculative damages, but only such as were compensatory. This is the construction that any ordinary man would place upon the language of the instruction. We think this

question should be ruled by *Omaha & R. V. R. Co. v. Crow*, 54 Neb. 756, where a like question was presented and the language used was held not to be misleading.

It is also contended that the court erred in permitting the defendant to prove the value of the physician's services in treating the plaintiff's injuries. It is true that during the trial it was stated that the expense incurred for such services was $100. This was objected to, the ruling was reserved, but finally the testimony was excluded, and the jury were instructed not to take that matter into consideration in arriving at their verdict. Therefore the record on that question is without error.

Error is also assigned for the exclusion of evidence offered for the purpose of impeaching a witness for the plaintiff, but an examination of the record discloses that that evidence was finally received, and the whole matter was before the jury for their consideration.

Finally, it is suggested that the verdict for $500 is excessive. A careful examination of the evidence satisfies us that the injuries complained of were severe; that the plaintiff, at the time of the trial, had not fully recovered from the effects of the assault, which the jury found the defendant had made upon him.

The case seems to have been fairly tried, and the evidence sustains the verdict. The record contains no reversible error, and the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.