RALPH E. WALTZ, APPELLEE, v. CHARLES G. ELMORE, APPELLANT.

FILED APRIL 3, 1914. No. 17,582.

Appeal: AFFIRMANCE. Error in instructions which are not prejudicial to appellant is not a ground for reversing a judgment against him.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

Fisher & Rooney and Dunham & Aye, for appellant.

Albert W. Crites and Edwin D. Crites, contra.

ROSE, J.

This is an action to recover damages for personal injuries to plaintiff. When he was riding a bicycle westward on Second street near the west line of its intersection with Bordeaux avenue in Chadron, he collided with defendant's automobile. The collision occurred at or near the Second street crosswalk on the west side of the intersection of Bordeaux avenue, south of the Blaine hotel, a few feet south of the north curbline of Second street. In the petition it is alleged that defendant approached from the west at an excessive rate of speed, negligently turning to his left upon meeting plaintiff and running into him, thus causing the injuries of which complaint is made. Defendant denies negligence on his part, and alleges that he is a physician; that he had stopped in front of the Blaine hotel to make a professional call; and that, while his automobile was standing there, plaintiff ran into it on his bicycle. Defendant fur-

ther pleaded that plaintiff's injuries were caused by his own negligence. The evidence adduced by the parties is as conflicting as the allegations of their pleadings and would support a finding either way. Plaintiff recovered a verdict for $575, and from a judgment in his favor for that sum defendant has appealed.

The following instruction is challenged as erroneous: "If you believe from the evidence that at the time of the collision the defendant was not answering a professional call at the Blaine Hotel, and that in driving along said street his purpose was to go elsewhere than at the said hotel, then it was his duty to keep to the right-hand side of the street, and if he did not do so, and a collision occurred as a result of his not keeping on the right-hand side of the street, then he would be liable for all damages which resulted from said collision."

The objections to this instruction are that it directed the jury that defendant had no right to drive on the left-hand side of the street, except for the purpose of making a professional call at the Blaine Hotel, and that if he did not keep on the right-hand side of the street, and a collision resulted, he would be liable for damages, regardless of negligence. While the instruction should not have been given in the form quoted, the criticisms do not show reversible error for the following reasons: The instruction challenged should be considered as a part of the entire charge of the court. Another instruction contained the direct statement that plaintiff could not recover, if the collision occurred after defendant had stopped his automobile. A part of the charge not challenged in this court by an assignment of error contains the following language: "The burden of proof is upon the plaintiff; and, before he can recover a verdict against the defendant, he must prove by a preponderance of the evidence that on or about the 7th day of September, 1911, he was traveling west on Second street in Chadron, as alleged in the petition, and was met on said street by defendant with his automobile, and that in passing on said street the defendant carelessly and neg-

ligently and unlawfully failed and omitted to turn his said automobile to the right or south side of the center of said street to permit this plaintiff to pass on his position in the road to the left or north side of the center thereof, but did carelessly and negligently drive his said automobile on the left-hand side or north side of the center of said road, and did negligently and carelessly drive his said automobile against the plaintiff and the bicycle upon which he was riding upon said highway, and thereby then and there the plaintiff, wholly without fault on his part, was thrown by the defendant with great force and violence off from said bicycle upon the automobile of the defendant."

As a whole, therefore, the instructions do not charge that the act of defendant, in driving on the wrong side of the street, was of itself negligence for which plaintiff is entitled to recover. Evidence of negligence on part of defendant in failing to turn to the right upon meeting plaintiff is required as a condition of recovery. The objections of defendant, when the entire charge is considered, do not seem to disclose prejudicial error in the instruction criticised. For the same reasons, similar objections to another instruction are overruled.

The following instruction is also criticised as erroneous: "You are instructed that the defendant had no right to operate his automobile on a public highway within the city of Chadron at a speed greater than 12 miles per hour, or at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of said Second street, at the time or the condition of Second street, or at a rate of speed such as to endanger the life or limb of the plaintiff; and, when approaching the intersection of said Second and Bordeaux streets, it was the duty of the defendant not to drive his automobile exceeding six miles per hour, unless you find that he was a physician answering an emergency call demanding excessive speed, and if you find from the evidence that the defendant at the time was not answering an emergency call demanding excessive speed, and

that by reason of his traveling at such excessive speed he occasioned the injuries and damage sustained by the plaintiff, you should return your verdict for the plaintiff in the amount of the damage thus caused to him."

This instruction is erroneous and should not have been given. It limits defendant to a speed of six miles an hour when approaching a street intersection, while the statute forbids a speed exceeding six miles an hour only when a motor vehicle is crossing a street intersection. Comp. St. 1911, ch. 78, sec. 146. The question is: Should the judgment be reversed for this error? Under the code an error which does not affect the substantial rights of appellant must be disregarded. Code, sec. 145. Defendant pleaded and testified that his automobile was standing in the street when struck by plaintiff. If the jury found in favor of defendant on this issue, they were instructed by the court that there could be no verdict against him. On an important phase of his defense he was disbelieved. There was a direct and positive instruction that plaintiff was not entitled to recover without proving by a preponderance of the evidence that his injuries resulted from the negligence of defendant in failing to turn to the right upon meeting plaintiff. On the principal issue in plaintiff's case the jury necessarily found in his favor. These and other considerations arising from an analysis of the entire record indicate that the jury believed plaintiff and his witnesses; that belief in their veracity controlled the issues of fact; and that the verdict would not have been different had the error in the instruction been eliminated. On the whole case, the conclusion is that the error was not prejudicial.

The concluding argument of defendant is directed to the proposition that plaintiff is not entitled to recover because the undisputed evidence shows that he was guilty of contributory negligence as a matter of law. The parties do not agree on the facts proved nor on the evidence adduced. Each has filed an abstract. In this situation the bill of exceptions has been examined to learn the truth in so far as it is disclosed by the record. From this ex-

amination it is perfectly clear that the position assumed by defendant is not well taken.

There being no prejudicial error in the record the judgment is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.