(164 App. Div. 735)

BRADLEY v. VILLAGE OF UNION.  (No. 241–11.)

(Supreme Court, Appellate Division, Third Department. November 25, 1914.)

1. MUNICIPAL CORPORATIONS (§ 1040*)—COSTS—ALLOWANCE AGAINST MUNICIPALITY—STATUTE.

Code Civ. Proc. § 3245, declaring that costs cannot be awarded to the plaintiff in an action against a municipality, unless the claim was presented to the municipal authorities for audit before commencement of the action, has no application to an action brought in justice court; and a municipality, by appealing from a judgment rendered against it in justice court, cannot deprive plaintiff of his right to costs in case of his ultimate success.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2213, 2214; Dec. Dig. § 1040.*]

2. COURTS (§ 89*)—PRECEDENCE.

A decision construing a statute, which has stood the test of 30 years without legislative alteration, is binding as a precedent.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 311, 312; Dec. Dig. § 89.*]

Kellogg, J., dissenting.

Appeal from Broome County Court.

Action by Fred E. Bradley against the Village of Union, begun in justice's court and appealed to the County Court, where judgment was rendered for plaintiff. From an order denying defendant's motion for a retaxation of costs, taxed and retaxed, defendant appeals. Affirmed.

See, also, 150 N. Y. Supp. 107.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas A. MacClary, of Union, for appellant.
La Verne E. Race, of Binghamton, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The plaintiff brought this action in justice's court, in the town of Union, Broome county, to recover damages for alleged breach of contract on the part of the defendant. The original action resulted in a judgment in favor of the plaintiff. The defendant appealed to the County Court for a new trial, under the provisions of section 3068 of the Code of Civil Procedure, and the trial resulted in a nonsuit. The plaintiff moved for a new trial on the minutes, and the motion was granted. Upon the new trial the jury found a verdict for the plaintiff in the sum of $138.75, and a judgment was entered for this amount, with $190.60 costs.

The proper steps were taken for an adjustment of the costs, the defendant objecting to certain specific items, and urging, under the provisions of section 3245 of the Code of Civil Procedure, that the plaintiff was not entitled to any costs as against the defendant, a municipal corporation, because of the fact that the plaintiff had failed to present the claim for audit at least ten days before the bringing of the action. The costs having been retaxed upon the plaintiff's theory, defendant moved the court for an order denying the taxation of $10 for subsequent proceedings before the second trial, and a disbursement of $54.70 for the minutes of the first trial, used by the court in determining the motion for a new trial. The learned County Court granted the motion, in so far as it related to the item of $10, but denied it in all other respects, with $10 costs to the plaintiff, so that the net result of the motion was to leave the costs practically as they were before. The defendant appeals from the order denying the motion, and insists that the plaintiff is not entitled to any costs whatever.

[1, 2] This exact question was presented to the court in this department in 1884, and it was then held that section 3245 of the Code of Civil Procedure did not relate to an action brought in a justice's court, and that the plaintiff's right to recover costs was not affected by the fact that the defendant appealed from the decision of the justice to the County Court, where the plaintiff again recovered judgment. Marsh v. Village of Lansingburgh, 31 Hun, 514. This determination, resting upon a reasonable construction of the statute, has never been overruled or questioned by the courts, and when the Legislature in 1899 amended the same by the provisions of chapter 609 of the Laws of that year, it made no change in so far as it relates to the question now presented. A decision which has stood the test of 30 years, and which has not invited legislative alteration, is entitled to the respect of this court, and we see no reason for this appeal, nor are we impressed with the suggestion that the learned County Court abused its discretion in awarding $10 costs of the motion. The granting of a new trial, after the plaintiff has judgment in the justice's court, without any reference to the merits of the case, is a special statutory privilege given to the party; and he cannot, by means of this appeal, impose a hardship upon his adversary in excess of that provided by the statute. Here the plaintiff selected the justice's court as his tribunal He had judgment for a small amount, and the defendant had the option of paying the judgment or of appealing for a new trial to the County Court; but the exercise of this option could not be permitted

to rob him of his right to the costs of the tribunal to which he was compelled to resort by his opponent, and we are satisfied that the order of the County Court was right.

The order appealed from should be affirmed, with costs. All concur, except KELLOGG, J., who dissents.