## LANDS OF SYDOW.

*September 15—October 5, 1915.*

*Homestead: Descent: Sale: Interest of widow, how limited: Ascertainment of present value.*

1. The qualified life estate in the homestead which descends to the widow of an intestate who leaves issue cannot be changed to an absolute life estate by sale of the homestead. Her interest in the proceeds of the sale remains the same as in the land, namely, the right to the use thereof during widowhood.

2. The probable duration of widowhood not being determinable, the present value of a widow's homestead estate cannot be ascertained and awarded to her in gross.

3. The homestead in which the widow of an intestate leaving issue takes a life estate by descent is limited to the quantity and value prescribed in sec. 2983, Stats., the statutory definition of the term "homestead" being applicable, under sec. 2984*a*, as well to the descent of land as to exemptions.

APPEALS from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Modified and affirmed.*

September 22, 1912, Benno Sydow died intestate leaving a widow, *Frieda,* and a minor son, *Hugo.* His homestead of forty acres was of the value of $7,000. Proceedings for the sale of the son's and widow's interests therein, and of other lands, were duly had, and the court adjudged that the purchase price of the homestead, $7,000, be set aside and held in trust and the income thereof paid to *Frieda* so long as she remains a widow, and that upon her death or remarriage the trust fund shall become the property of *Hugo;* unless *Frieda* shall within twenty days elect to take the present value of her dower interest in the $7,000, in which event the sum of $4,666.67 of said proceeds shall be set aside and held as a trust fund and the income thereof paid to *Frieda* during her widowhood, and on the termination thereof the fund to become the absolute property of *Hugo.* Both *Frieda* and *Hugo* appealed from the judgment.

For the widow, *Frieda Sydow,* the cause was submitted on the briefs of *W. C. Leitsch,* attorney, and *H. E. Andrews,* of counsel.

*E. E. Brossard,* guardian *ad litem,* for *Hugo Sydow,* infant.

VINJE, J. The widow claims that upon the sale of the homestead she became entitled to an absolute life estate in the proceeds, and that the court erred in limiting her estate therein to their use only during her widowhood. The estate in the homestead that descends to the widow where the intestate leaves issue is of the quality of a life estate and differs from such estate only in that it may be terminated by remarriage as well as by death. Sub. (2), sec. 2271, Stats. 1913. It is a life estate on condition subsequent that she does not remarry. *Ferguson v. Mason,* 60 Wis. 377, 387, 19 N. W. 420. This qualified life estate cannot be changed to an absolute life estate by the sale of the homestead. The widow's interest in the proceeds thereof remains the same as in the land itself, namely, the right to the use thereof during widowhood. Were it otherwise, the provision of the statute that it shall terminate upon remarriage could always be nullified by a sale.

In the present case the widow is twenty-two years of age. Counsel on both sides as well as the trial court confess themselves unable to determine the probable duration of her widowhood, and therefore the present value of her homestead estate could not be ascertained and awarded to her in gross. To us also widowhood is an uncharted sea whose shores the future veils from sight. How long before her bark will reach a haven we cannot venture even a guess, though we are informed by the insurance department that in Europe there are tables determining the "expectancy" of widowhood at different ages, but that such tables are not in use in the United States. So the court properly held that

the widow was entitled to the use of the proceeds of the homestead, less her dower interest therein if she elects to receive that presently, during her widowhood, and that upon her remarriage or death the fund should become the property of her son.

Upon the appeal of the minor it is claimed that the homestead is limited to the quantity and value prescribed in sec. 2983, Stats. 1913, to wit, not in excess of forty acres in area of agricultural lands, one quarter of an acre of village or city lots, or in either case of $5,000 in value, and that the court erred in allowing the widow the use for widowhood of the whole purchase price of $7,000.

Before ch. 269, Laws 1901, now sec. 2984a, Stats., was enacted, the court in *Ford v. Ford,* 70 Wis. 19, 52, 33 N. W. 188, held that though the term "homestead" as used in the will was construed to mean more than a quarter of an acre, the property being city lots, yet since the widow elected not to take under the will but under the law, she thereby limited her homestead right to the statutory homestead of a quarter of an acre. The limitation of $5,000 in value did not then exist. Hence sec. 2984a, providing that "wherever the word 'homestead' is used in the Statutes of 1898 or in any law of this state or in this act, it shall be defined to be the estate or interest in the land as defined and set forth" in sec. 2983, Stats. 1913, was but a declaration of the rule announced in the *Ford Case.* The statutory definition of the term "homestead" applies as well to the descent of land as to exemptions. The widow, therefore, has a homestead right in only $5,000. If she elects to take her dower interest therein presently she can do so, as provided in the judgment entered. Its value at her age of twenty-two is $1,317.71. This amount she is entitled to presently if she so elects, and the balance of the $5,000, or $3,682.29, should be held as a trust fund the income of which should be paid her during her widowhood. If she does not elect to now

take her dower interest in the homestead she should have the use during her widowhood of the whole trust fund of $5,000. Of course her dower interest in the $2,000 which the homestead forty yielded in excess of the $5,000 should be paid the widow now, and the balance paid the minor.

It follows that the widow takes nothing upon her appeal, and that upon the appeal of the minor the judgment is modified in accordance with the opinion, and as so modified is affirmed with costs to the minor.

*By the Court.*—Ordered accordingly.