LANDS OF CHRISTIANSON: MILLER and another, Appellants, vs. HART, Respondent.

*November 18—December 7, 1915.*

*Descent of real property: Homestead: Vesting of estates.*

Under sec. 2270, Stats., providing generally for the descent of real property, and sec. 2271, providing that a homestead not lawfully devised shall, if the owner leave a widow and issue, descend "to his widow during her widowhood and upon her marriage or death to his heirs *according to the next preceding section,*" the heirs take at the death of the owner a vested estate, subject to the conditional life estate of the widow.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Proceedings to determine the descent of the homestead of Louis Christianson under sec. 2271, Stats., as it existed in 1889.

Louis Christianson died intestate, leaving a widow and issue. Proceedings were commenced in the county court to determine whether the heirs of the intestate, at his decease, inherited the homestead subject to the interest of the widow. The decision was in favor of such heirs. On appeal to the circuit court the decision was affirmed. This appeal is from the judgment accordingly rendered.

For the appellants there were briefs by *Hooper & Hooper,* and oral argument by *Ed. M. Hooper.*

In support of the judgment of the circuit court there was a brief by *Williams & Williams,* as *amici curiæ,* and oral argument by *Geo. E. Williams.*

MARSHALL, J. Sec. 2270, Stats., when the right in question arose, provided for the descent of real estate of intestates, except as provided in the succeeding section which dealt with the descent of homesteads. The same is true of the statutes now. Sec. 2271 then was and now is as follows:

"When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend, free of all judgments and claims against such deceased owner or his estate except mortgages lawfully executed thereon and laborers' and mechanics' liens, in the manner following:

"(1) If he shall have no lawful issue, to his widow.

"(2) If he shall leave a widow and issue, to his widow during her widowhood, and upon her marriage or death to his heirs according to the next preceding section.

"(3) If he shall leave issue and no widow, to such issue according to the preceding section.

"(4) If he shall leave no issue or widow, such homestead shall descend under the next preceding section, subject to lawful liens thereon; provided, however, if there be no widow

or minor child of such deceased owner of any homestead living at the time of his death such homestead shall be subject to and charged with the expenses of his last sickness and of his funeral and the costs and charges of administration; and provided further, that if there be no widow and no child and no child of any deceased child of such deceased owner of any homestead such homestead shall be subject to all the debts and liabilities of such deceased owner."

As indicated in the statement, the question at issue here is whether, when a person dies intestate, leaving a widow and issue, his heirs take a vested estate, or the whole estate goes to the widow during her life or widowhood, and upon her remarriage, if such event occurs, or her death, it then vests in the heirs of the intestate living at that time. The latter is contended for, mainly because of the use of the words in the second subdivision of sec. 2271, "upon her marriage or death." It is argued that such language indicates that the whole title vests in the widow until the happening of one of the events mentioned and that then, and not until then, does the interest over vest and, so, must be held to go to the then living heirs of the intestate.

It seems, as contended by counsel in opposition to the foregoing proposition, that due significance is not given to the words "according to the next preceding section." That indicates that the heirs existing at the death of the testator take the estate subject to the right of the wife during her life or widowhood. We are safe in saying that for around half a century such has been understood to be the legislative intent. The matter has not been particularly considered here, but decisions have been made upon the theory that such is the meaning of the statute. In *Ferguson v. Mason,* 60 Wis. 377, 387, 19 N. W. 420, without the matter being particularly discussed, the court held that at the death of an intestate, leaving a homestead, a widow, and issue "a life estate descends to his widow, on condition subsequent that she does not marry, and the reversion only remains in the heirs of the deceased

husband." The word "remains," quite clearly indicates that the idea of the court was that the heirs of an intestate, existing at his death, then take title to the reversion, but with enjoyment of possession postponed until termination of the conditional life estate; that the two estates—the widow's conditional life estate and the estate in remainder—vest at the same time, to wit, at the date of the death of the intestate. In the late case of *Lands of Sydow*, 161 Wis. 325, 154 N. W. 371, the decision went upon the theory that the homestead of the intestate descended immediately upon his death, as indicated in *Ferguson v. Mason.*

It is considered that, not only is the proposition before us practicably ruled in favor of the decision complained of by the decisions of this court to which we have referred; but that the administration of the statute has been in accordance therewith so long as to render the meaning suggested a firmly settled rule of property. As an original proposition, when sec. 2271 is read in connection with the preceding section, it pretty plainly provides for the descent of the whole title to the homestead at the death of the intestate owner, he leaving a widow and issue; a conditional life estate to the widow and the reversion to the intestate's then living heirs.

We have not overlooked any of the decisions cited to our attention to which particular reference herein has not been made. None of them seem to have any helpful bearing on the question presented.

*By the Court.*—The judgment is affirmed.