RUSSELL A. LITWILLER, ADMINISTRATOR, APPELLEE, V.
LOUIS W. GRAFF ET AL., APPELLANTS.

FILED FEBRUARY 24, 1933. No. 28432.

*Chambers & Holland* and *Thomas & Vail,* for appellants.

*Norval Brothers, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY, and PAINE, JJ.

DAY, J.

This is an action brought by the plaintiff, as administrator of the estate of his deceased wife, to recover damages arising from her death as a result of an automobile collision. At the time of the accident, the deceased was riding as a passenger in the automobile of a friend which collided with an automobile driven at a country road intersection. The plaintiff brings this action against the owners of both cars. The deceased was riding in a car

driven by the daughter of defendant, Graff, which automobile was a family car. The other car involved in the accident was the property of the defendant, Western Poultry & Egg Company, and driven in its business by their employee, Charles N. Lippold. The jury returned a verdict in favor of the plaintiff against both defendants, upon which a judgment was entered from which both appeal.

At the outset, our attention is challenged to the sufficiency of the evidence to support a verdict. There is evidence in the record that both drivers were driving in the center of the highway; that they were driving at an excessive rate of speed; that both drivers were familiar with the highway and drove it frequently and knew of the intersection and the conditions surrounding it; and that each driver had a clear view approaching the intersection and collided in the center of it. All this constitutes sufficient evidence of negligence on the part of defendants to require submission of the case to the jury. *Waltz v. Elmore,* 95 Neb. 736.

The plaintiff introduced in evidence standard and approved mortality tables to prove the life expectancy of the deceased. In an action for death by wrongful act, such tables are admissible to show the probable duration of the life of deceased. *Moses v. Mathews,* 95 Neb. 672. In the *Moses* case, it was held that such evidence was not necessary to prove probable duration of human life; that it might be received and considered with other evidence bearing upon the question of probable continuance of life. The rule is succinctly stated by an authority as: "The evidence furnished by a table of expectancy is not conclusive, but may be received and considered with other evidence in the case, and its statement as to expected duration of life may be varied, strengthened, weakened, or entirely destroyed by other competent evidence, on the question of the expected continuance of life of the injured party." 8 R. C. L. 864, sec. 136.

We are likewise committed to the doctrine that stand-

ard mortality tables are admissible in evidence to show probable duration of life of the beneficiary or beneficiaries. In *Fisher v. Trester,* 119 Neb. 529, it was held that the life expectancy of the parents, and not that of the injured child, was to be used where the life expectancy of the child exceeds that of the parents. Obviously, the parents could not recover damages for a time greater than the duration of their lives. But *Fisher v. Trester, supra,* is not authority for the proposition urged here, that it was necessary to introduce mortality tables in evidence as to probable duration of life of the beneficiary. In the instant case, the jury were instructed to take into consideration the age of the injured and deceased wife, her health and probable life expectancy, in estimating the damage. Certainly recovery could not be permitted for the benefit of husband upon a time element greater than the probable duration of life of the wife. The right to recover is based upon pecuniary loss to beneficiary. Therefore the expectation of life of deceased is an element of great importance, for, after fixing earning capacity, the question to be determined, in order to fix a gross sum which will represent the life earning capacity, is the number of years it would have been exercised if death had not intervened. 19 R. C. L. 217, sec. 4.

Mortality tables are admissible in evidence as to probable duration of life, but are not necessary to a determination and are not conclusive. In the instant case, the jury had the benefit of standard tables of mortality with reference to the deceased wife's expectancy, had not death intervened as a result of the accident. The husband was approximately the same age as his deceased wife. Proper practice would dictate that the life expectancy of the husband should have been proved. But he testified before the jury, and they were able to form some judgment of his expectancy. In a suit by husband to recover damages for wrongful death of wife, where there is evidence of her life expectancy and he is about the same age and is a witness before the jury, it will be assumed that the

jury took into account the age and expectancy of the husband. *Bauer v. Griess,* 105 Neb. 381.

As to the objection that the plaintiff did not prove the life expectancy of the parents of deceased, there is no evidence that either the father or mother suffered any pecuniary loss because of their daughter's death.

The defendant Graff complains of the fact that the attorney for the codefendants Lippold and Western Poultry & Egg Company cross-examined the defendant Graff as to whether or not he carried indemnity insurance and whether he had employed the attorneys representing him. The defendant Graff did not take the witness-stand in his own behalf, but was called by the plaintiff to prove certain facts to establish his case in chief. It was then that the codefendant cross-examined him on the matter of insurance. This action was brought by the plaintiff against two defendants, and in the trial of the case each defendant maintained and contended that he was not guilty of any negligence which was a proximate cause of the accident, but that the accident was caused solely by the negligence of the other. Under this state of the record, the cross-examination of the defendant Graff is within the rule announced by this court. *Nichols v. Owens Motor Co.,* 121 Neb. 105. Likewise, the defendants Lippold and Western Poultry & Egg Company contend that the cross-examination of their client by the attorney for Graff was misconduct. The plaintiff was not responsible for the cross-examination of either defendant by the other and in fact moved to strike the same. Under the peculiar circumstances of this case, and the nature of the contest, it was not prejudicial error.

It is urged that many errors occurred in giving and refusal to give various instructions, but it appears from an examination that the issues of the case were properly, concisely, and adequately covered in the instructions submitted, and that the refusal to give instructions requested by either defendant resulted in no prejudicial error.

The judgment of the district court is

AFFIRMED.