MANLEY N. PATTERSON, APPELLEE, V. WILLIAM W. KERR, APPELLANT.

FILED MAY 15, 1934. No. 28930.

*Stewart, Stewart & Whitworth* and *F. L. Rain,* for appellant.

*Burkett, Wilson, Brown & Van Kirk* and *E. A. Wunder,* contra.

Heard before GOSS, C. J., GOOD, EBERLY and DAY, JJ., and REDICK, District Judge.

DAY, J.

This is an action to recover damages resulting from a collision between automobiles owned and driven by plaintiff and defendant. Defendant appeals from a judgment in favor of plaintiff for $6,500.

The appellant argues various assignments of error, one of which is directed to the instruction relating to the doctrine of comparative negligence. The doctrine of comparative negligence, with recovery to the plaintiff whose contributory negligence was slight and the negligence of defendant gross in comparison, with a mitigation of damages in proportion to the amount of contributory negligence attributable to plaintiff, was adopted in this state by legislative enactment in 1913. Laws 1913, ch. 124, now Comp. St. 1929, sec. 20-1151. Some confusion resulted by engrafting this doctrine on our jurisprudence by statute. Several judgments were reversed because of erroneous instructions. In 1920 this court made a careful and comprehensive examination of this subject in the case of *Morrison v. Scotts Bluff County*, 104 Neb. 254, and held in part: "Even when plaintiff has established his right to recover under this rule, it is the duty of the jury to deduct from the amount of damage sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained." It is noted that the language of the instruction criticized here is identical with that of the opinion in *Morrison v. Scotts Bluff County*. The criticism of the instruction is that it attempts to compare "contributory negligence" with "the whole amount of damage sustained." For a criticism of this instruction, see *Sgroi v. Yellow Cab & Baggage Co.*, 124 Neb. 525, in which it was said: "It is clear that the comparison was to be made between the negligence of the two parties, and if the plaintiff was entitled to recover, then her recovery should be reduced in the proportion that her negligence contributed to the injury." This criticism was not necessary to a decision of the case, but it was held that, even if erroneous, the instruction was not prejudicial there,

for that it related only to the measure of recovery, and there was no assignment of error that the verdict was excessive.

This instruction has a long judicial history. It was quoted in the syllabus in *Bauer & Johnson Co. v. National Roofing Co.*, 107 Neb. 831, as decisive of that case. It was again quoted in the syllabus of *Mitchell v. Missouri P. R. Corporation*, 114 Neb. 72, as applicable where the controlling issues in the case are the matters of negligence and contributory negligence. In *Emel v. Standard Oil Co.*, 117 Neb. 418, after criticizing the instruction there given on comparative negligence, this court said: "It may well be said in passing that the opinion of this court in *Morrison v. Scotts Bluff County, supra, affords trial courts a safe guide* (italics ours) for instructing on the rule of comparative negligence." In *Pratt v. Western Bridge & Construction Co.*, 116 Neb. 553, this court said: "Since the case of *Morrison v. Scotts Bluff County*, 104 Neb. 254, decided by this court in 1920, there is scarcely any excuse for attempting to define the rule pertaining to comparative negligence otherwise than is therein stated." Very recently, in the case of *Brooks v. Thayer County*, 126 Neb. 610, this court said: "Instruction No. 18 is a model instruction given by the court on comparative negligence, giving all the proper elements of such an instruction as laid down in the leading case on that subject. *Morrison v. Scotts Bluff County*, 104 Neb. 254." An examination of the transcript in *Brooks v. Thayer County, supra*, discloses that instruction No. 18 used the identical language of the instruction in this case.

In the interests of grammatical exactitude, trial courts should correct what has become a stock instruction by virtue of this court's decision in *Morrison v. Scotts Bluff County, supra*. But where this court established a rule and it has been followed for more than thirteen years by trial courts of this state, it ought not to be changed except for reasons of grave importance. It has been held to be a good reason for refusing to change a rule

established by a decision of court that it has been adhered to for many years. *Purvis v. Shuman*, 273 Ill. 286. In 15 C. J. 944, it is stated: "The doctrine of *stare decisis* applies with full force to decisions construing statutes, especially where they have been long acquiesced in." See *Bradley v. Village of Union*, 150 N. Y. Supp. 112; *Miller v. Hart*, 161 Wis. 611. Our court has followed this rule in *Mosher v. Huwaldt*, 86 Neb. 686, where it was held: "This court is not ordinarily bound by the construction put upon statutes by former opinions, if such construction is dictum only, being unnecessary to the determination of the case then before the court, but when such construction involves a question of practice only, and has been for more than 19 years followed by the trial courts, and indirectly several times approved by this court, it will be followed until changed by the lawmakers." An instruction, in the language of an opinion of this court construing a statute, approved indirectly and directly in numerous cases for a period of thirteen years, will not be held reversible error unless prejudicial.

Section 20-853, Comp. St. 1929, provides: "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." This section of the statute was discussed in *Maxson v. J. I. Case Threshing Machine Co.*, 81 Neb. 546, as follows: "This court will disregard any error or defect in instructions given or error in the failure or refusal to give instructions requested, where the action of the trial court did not affect the substantial rights of the litigants." The application of this positive legislative mandate compels us to ignore the irregular language of this instruction.

The instruction taken as a whole was clear to the jury and did not affect the substantial rights of the appellant. The entire instruction is set out to clarify the argument herein: "The jury are instructed that if, on the trial of

an action brought to recover damages for injuries to a person and his property caused by the negligence of another, the plaintiff is found to be guilty of negligence directly contributing to the injuries complained of, he cannot recover, even though the defendant was negligent, unless the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison therewith; and if, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which, under the circumstances, amounts to slight negligence, or if the negligence of the defendant falls in any degree short of gross negligence, under the circumstances, the contributory negligence of the plaintiff, however slight, will defeat a recovery, *and even when the plaintiff has established his right to recover under this rule, it is the duty of the jury to deduct from the amount of damages sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained."* (Italics indicate the part to which complaint is directed here.) Is the language so ambiguous as to require a reversal? The prevailing modern tendency of judicial decisions is not toward such inconsequential, technical refinements. The trend of the decisions of this court has been stated in *Waltz v. Elmore,* 95 Neb. 736: "Error in instructions which are not prejudicial to appellant is not a ground for reversing a judgment against him." Very recently this court said in *Kelso v. Seward County,* 117 Neb. 136: "When an instruction is substantially correct, a case will not be reversed because it is possible to improve the phraseology thereof."

The instruction is not misleading. The instruction correctly told the jury that they must compare the negligence of the plaintiff and the defendant and that under certain circumstances the plaintiff was entitled to recover. This would clearly inform the jury that they were comparing negligence of the parties, and then when they are told that if the plaintiff, after such a comparison, is en-

titled to recover they shall deduct from the amount of damages sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained, they, as laymen, would understand that the verdict is to be reduced by the amount that the plaintiff's negligence contributes toward the damage.

Let us consider the practical application of this instruction. If the jury find both parties guilty of negligence, and find that the plaintiff's negligence was slight in comparison with the gross negligence of defendant, and find that the total damage of the plaintiff was $6,000, and that the slight negligence of the plaintiff is by comparison with the gross negligence of the defendant one-sixth of the gross negligence of defendant, then they must reduce the total amount of damages sustained by one-sixth, and the recovery could only be for five-sixths of such damage, or $5,000. The language, taken in its context in the sentence, is not ambiguous or misleading. Where an instruction is given which is not misleading and which would ordinarily be construed by laymen to accord with the well-settled rule governing the question in issue, it does not constitute reversible error. *Moore v. Sturm,* 88 Neb. 793.

But the appellee argues that the instruction is not prejudicially erroneous, because the evidence does not establish that the plaintiff's negligence was either a proximate or concurrent cause of the accident. We cannot agree with this contention. Let us first consider the evidence of the defendant upon the question of the negligence of the plaintiff. The defendant's evidence is in substance that he was driving east on the highway at about 40 miles an hour; that, as he approached a wagon loaded with cobs, he slackened his speed to 25 miles; that, when the wagon had passed the crest of the hill, he turned out to go around the wagon, at which time he saw plaintiff's car about 200 feet away; that there was room to drive his car between plaintiff's car and the wagon if he had driven it directly east and west; that plaintiff driving west

was never south of the center of the graveled thirty-foot highway; that defendant's right front end of car was damaged by the collision, and plaintiff's car landed in the ditch. This much of the testimony does not establish negligence of the plaintiff, even when viewed most favorably for the defendant. Of course, the plaintiff's evidence directly disputes that of defendant in some material matters which are not here considered, because that is a question of weight of evidence.

But the defendant testified over objections that the plaintiff was driving 50 or 55 miles an hour and negligence on the part of the plaintiff is predicated upon this fact. The plaintiff was coming directly toward defendant and collided with him. The defendant was competent to testify as to the speed of the car. "A witness who sees a moving car, and possesses a knowledge of time and distance, is competent to express an opinion as to the rate of speed." *Pierce v. Lincoln Traction Co.*, 92 Neb. 797 (quoting from *Omaha Street R. Co. v. Larson*, 70 Neb. 591). The rule is stated in a different way in *Coffey v. Omaha & C. B. Street R. Co.*, 79 Neb. 286, that, since there is no reason why an independent observer of moving objects cannot express an opinion of value as to speed, such testimony is received and appraised according to the means of the observer and the standards he has used. See, also, *Oakes v. Omaha & C. B. Street R. Co.*, 104 Neb. 788; *Miller v. Central Taxi Co.*, 110 Neb. 306; *Dunkelbeck v. Meyer*, 140 Minn. 283. In *Owens v. Iowa County*, 169 N. W. 388 (186 Ia. 408) it was held: "Testimony of one, several hundred yards directly in front of an automobile in the nighttime, as to the speed thereof, might be of little value, but should not be excluded on that account." Jones, Commentaries on Evidence (2d ed.) 2323, 2330, discusses the rule as follows: "A person of ordinary intelligence, having opportunity for observation, is competent to testify as to the speed at which an automobile was being operated at a given time. The rate of speed of an automobile on a public highway is a

matter of which people generally have some knowledge. It is not a matter exclusively of expert knowledge or skill. As stated above, where the rate of speed of such a vehicle is material in an action, any person of ordinary ability and means of observation who may have observed the vehicle may give his estimate as to the rate of speed at which it was moving. The extent of his observation goes to the weight of his testimony." Whether the speed of plaintiff under the conditions of the traffic at the time of the accident was negligence was a question for the jury. In addition, testimony of plaintiff relating to condition of brakes on his car and the physical facts raise a question upon plaintiff's negligence upon which reasonable minds might differ. Under the doctrine of comparative negligence, all questions of negligence and contributory negligence are for the jury. Comp. St. 1929, sec. 20-1151; *Day v. Metropolitan Utilities District*, 115 Neb. 711; *Casey v. Ford Motor Co.*, 108 Neb. 352. Where there is some evidence of contributory negligence, failure to submit issue to the jury is reversible error. *Mares v. Chaloupka*, 110 Neb. 199. Therefore, if the instruction were prejudicially erroneous, it would require a reversal of this judgment.

Another assignment of error challenges the verdict for that it was what is commonly known as a quotient verdict. The defendant relies upon *Killion v. Dinklage*, 121 Neb. 322, in which we defined, discussed and condemned a quotient verdict. The defendant offered in evidence affidavits of ten of the jurors to establish the fact that the verdict was in fact a quotient verdict. These affidavits were prepared in blank and apparently were prepared by the defendant. If the affidavits thus filed are to be relied upon, it would seem that this verdict comes within the definition of a quotient verdict unless the fact that eight of the ten affidavits contain a statement, "And we added a small amount to make it come out even," would indicate that the verdict was not the result of the agreement that they should adopt the quotient obtained by

adding together the amounts which each of the jurors thought the verdict should be and dividing by twelve. However, we do not have to determine the question upon this affidavit. The plaintiff also prepared affidavits which were filed and form a part of the transcript but are not included in the bill of exceptions. Affidavits not included in the bill of exceptions will not be considered by this court. *First Trust Co. v. Glendale Realty Co.*, 125 Neb. 283. In the bill of exceptions we find a note by the reporter of the minutes of the court as of the dates shown. "April 14. Affidavits in support of motion for new trial filed by defendant submitted. The affidavits in opposition to the defendant's affidavits in support of new trial submitted." The reporter further reported the hearing on the motion for new trial from which it appears that affidavits had been filed by both the plaintiff and defendant relating to the question of a quotient verdict. This appears in the bill of exceptions as settled by the court. An inspection of the bill of exceptions indicates that material evidence has been omitted upon which the court based its judgment. The rule is well established in this state that, where it is apparent, from the bill of exceptions itself, material evidence has been omitted, the certificate that it contains all that was considered by the court will not be taken as conclusive. *Missouri P. R. Co. v. Hays*, 15 Neb. 224. In *Dawson v. Stockmen's Nat. Bank*, 119 Neb. 115, this court said in substance that it is true that the certificate to the bill of exceptions is to the effect that it is complete and contains all the evidence produced on the trial, but we find within the bill itself, in the questions and answers especially, incontestable proof that it does not. When such is the case, the certificate will not be taken as conclusive on that point. When all the evidence used on a trial is not before us, we cannot say that the finding was unsupported. "A bill of exceptions showing on its face that material evidence has been omitted will not be considered on appeal in determining issues of fact or the

sufficiency of the evidence to sustain a finding below, though certified by the trial judge as a bill of exceptions containing all the evidence." See, also, *Oberfelder v. Kavanaugh,* 29 Neb. 427. *Dawson v. Williams,* 37 Neb. 1, states the rule as follows: "If the bill of exceptions discloses that without doubt important evidence has been therefrom omitted, the settlement and authentication of the bill of exceptions will not control, though therein the recitations are to the contrary, and in such case the verdict will not be disturbed as contrary to the evidence." See *Nelson v. Jenkins,* 42 Neb. 133; *Alling v. Fisher,* 55 Neb. 239; *Storz v. Finklestein,* 48 Neb. 27; *Greene v. Greene,* 49 Neb. 546.

Since the bill of exceptions in this case discloses that important material evidence has been omitted and contains only a part of the evidence which was considered by the trial judge, the judgment of the trial court will not be disturbed. The bill of exceptions is not a proper one, and where there is no proper bill of exceptions in the record, a question will not be determined which requires consideration of evidence which has not been made a part of the record. *Hazelet v. Holt County,* 51 Neb. 724; *Beatrice Savings Bank v. Beatrice Chautauqua Assembly,* 54 Neb. 592; *Andrews v. Kerr,* 54 Neb. 618; *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593. In such a case, this court will presume that the evidence was sufficient to support a finding of the trial court. It is here noted without discussion of the effect, because unnecessary to a determination of this case, that the journal entry overruling the motion for a new trial contains this statement: "The affidavits for the motion for a new trial filed by the defendant are submitted to the court as are the affidavits in opposition to the defendant's affidavits in support of the motion for new trial." The effect of an apparent conflict between different parts of the record is an interesting question we reluctantly refrain from discussing.

The last assignment of error which we will discuss is

that the verdict was excessive. The verdict was for $8,788. The trial judge required a remittitur of $2,288 as a condition for overruling the motion for new trial and entered judgment for $6,500. The plaintiff was badly injured, his leg was broken and is now shorter than the other. There was a dispute as to the cause of the shortness which was submitted to the jury. The evidence discloses that this man was seriously and permanently injured, and the judgment of $6,500 is not excessive. If some elements of damage were submitted to the jury upon which the plaintiff was not entitled to recover, such as inclusion of the expenses for expert testimony with medical services, and damages for other small matters, it has been taken care of by the remittitur required by the trial court, the judgment is not at this time subject to criticism as being excessive.

The evidence supports the requirement of the trial court that a remittitur be filed. This court will not set aside such a remittitur as the evidence may warrant.

The appellant cites *Zelenka v. Union Stock Yards Co.*, 82 Neb. 511, to support his contention that the trial court should have given an instruction on the doctrine of last clear chance. The instruction upon this doctrine was not necessary. Before the last clear chance doctrine may be applied, it must appear from the evidence that plaintiff discovered or by the exercise of ordinary care could have discovered the defendant in a position of danger in time to have prevented the accident. *Zitnik v. Union P. R. Co.*, 91 Neb. 679; *Lucas v. Omaha & C. B. Street R. Co.*, 104 Neb. 432; *Wilson v. Union P. R. Co.*, 107 Neb. 111. The defendant's version of the accident is that he drove around the wagon-load of cobs and had plenty of room to pass between it and the plaintiff's car. The plaintiff had a right to assume that defendant would do so. When it could have become apparent to plaintiff in the exercise of ordinary care that defendant would not, it would have been impossible to stop his car. Appellant is mistaken when he argues that plaintiff should have stopped when

he first saw defendant turning around the wagon. He was not then in apparent danger, and had defendant exercised ordinary care he never would have been in imminent peril. One is required only to have his car under such reasonable control as to be able to avoid a collision with other vehicles whose drivers exercise due care. Complete control which is such as will prevent collision by the anticipation of negligence on the part of another in the absence of warning or knowledge is not required. *Spomer v. Allied Electric & Fixture Co.*, 120 Neb. 399. The inferences most favorable to defendant which can be drawn from the evidence do not bring this case within the doctrine of the last clear chance.

We have carefully considered all the assignments of error and the arguments thereon, and we find no reversible error.

AFFIRMED.