EDWARD W. MISKELL, APPELLANT, v. ADOLPH L. PROKOP ET AL., APPELLEES.

FILED JUNE 8, 1899. No. 8921.

1. **Trade Name.** A right to the exclusive use in a particular locality of a trade name or sign may be acquired.

2. ———: INFRINGEMENT. A sign or trade name is not an infringement of another, if ordinary attention of persons or customers would disclose the differences.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J. *Affirmed.*

*A. R. Scott* and *J. H. Grimm*, for appellant.

*Hastings & Sands*, contra.

HARRISON, C. J.

In the petition filed for plaintiff in this action January 10, 1896, it was pleaded that in October, 1889, he engaged in the mercantile business in Wilber, Saline county, and had continuously conducted said business there up to the time of the suit, and had advertised his business and store quite extensively, by which means he had attracted many customers and had established a lively and successful trade; that the sign placed on his store and the trade name which he had adopted and employed during the whole of the time he had been conducting the business was that of "Racket Store;" that by reason of his advertisement of the store by said name and the use of the sign his place of trade had become widely and well known by the said name, and that he had become entitled to the sole and exclusive use in the village of Wilber of the word "Racket" as a designation of his sign and of his store or place of business; that the defendants on or about the first day of November, 1895, engaged in business similar to that of plaintiff in Wilber in a building near that in which was plaintiff's store, on the same street, the same side of the street, and in the block east of his place, "and well knowing of the existence of the said trade sign and trade name of plaintiff and of the importance and value of the same to plaintiff and of his rights therein, did, with the design and purpose of defrauding plaintiff and of getting the benefit of plaintiff's reputation and patronage, and to mislead and deceive the public and to induce them and plaintiff's customers to believe that their store is plaintiff's store, simulate the trade sign and trade name so long used by plaintiff, as aforesaid, by placing over and above their store, in this form and manner, letters 'New York Racket Store,' New York being in much smaller letters, and advertising in the same form and manner in circulars, in the local newspapers, and on their letter-heads their business and place of business; that the assumption by de-

fendants of plaintiff's sign and trade name as aforesaid was for the purpose of supplanting plaintiff in the goodwill of his established trade and business, and to cause it to be understood and believed by the public that defendants were doing business for the plaintiff, thereby by such deception depriving plaintiff of the gains and profits to which he is justly entitled; that the use by defendants of the name 'Racket' is a fraud upon the general public as well as plaintiff." The main relief sought was that the defendants should be enjoined from the further use of the word "Racket" as a part of the sign and name for their store. Issues were joined and a trial thereof resulted in a judgment for defendants. The plaintiff has appealed.

The defendants did not deny the use of the name for their place of business which the petitioner charged they had used, but denied the purposes of which the pleading of plaintiff accused them; also denied that the results had been as stated by plaintiff. The word "Racket," to the extent we are informed by the record in this cause, is what may be styled a fanciful or arbitrary appellation or designation as applied to a store of the kind operated by the plaintiff, and no doubt a man may adopt such a name for his place of business and by reason of prior appropriation and long-continued usage may acquire such a right to its use in the particular connection as to be exclusive in a certain locality, and the right will be recognized and protected by the courts. (26 Am. & Eng. Ency. Law 276-279.) In was disclosed by the evidence that the word "Racket" was quite frequently used as descriptive of stores wherein business was conducted along and in certain lines, and had been so of late years and prior to the plaintiff's adoption of it. In some cases it has been decided that such designations are but descriptive in their character, and their subsequent similar use by a near rival will not be enjoined at the instance of one who had made the prior selection and application. (*Gray v. Koch*, 2 Mich. N. P. 119; *Choynski v. Cohen*, 39 Cal. 501, 2 Am. Rep. 476.)

In the present case we think the question upon which the decision must turn is, was the defendant's sign, taken as a whole, such a simulation of that of the plaintiff as to work the mischief attributed to it or well calculated to so do? The district court evidently determined that it was not (*Lichtenstein v. Mellis*, 8 Ore. 464, 34 Am. Rep. 592; *Popham v. Cole*, 23 Am. Rep. [N. Y.] 22; *Elgin Butter Co. v. Sands*, 40 N. E. Rep. [Ill.] 616), and in view of all the evidence, inclusive of a consideration of the wording of the two signs entire, we cannot say that its finding was manifestly wrong, and it will not be disturbed. The judgment must be

AFFIRMED.