ROBERT DAHMS, DOING BUSINESS AS "THE DEPOT," APPELLANT, V. EVELYN JACOBS ET AL., DOING BUSINESS AS "THE DENIM DEPOT," APPELLEES.

272 N. W. 2d 43

Filed November 29, 1978. No. 41676.

Blevens, Blevens & Jacobs, for appellant.

Conner & Schelstraete, P.C., for appellees.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, J.

The plaintiff appeals from an order of the District Court refusing to enjoin the defendants from using the name "The Denim Depot" in connection with their clothing store in Crete, Nebraska. He alleges that the District Court erred in failing to find that this was an infringement upon the trade name "The Depot" which he had appropriated by registration and prior use in connection with his clothing store in York, Nebraska.

This is an equity case. While the judgments of the District Courts in equity cases are tried de novo in this court, nevertheless, upon review in this court, we place due consideration on the fact that the trial judge had an opportunity to and did observe the witnesses and weighed the evidence and believed one version of the facts rather than another. Seybold v. Seybold, 191 Neb. 480, 216 N. W. 2d 179.

In their briefs, the parties discuss the threshold issues of whether the name "The Depot" is a proper subject for private appropriation as a trade name

and whether the plaintiff has taken the steps necessary to so appropriate it. Our resolution of the case makes it unnecessary to reach those issues, for even if it is assumed that the plaintiff has properly appropriated "The Depot" as a trade name, he must still demonstrate that there has been an infringement of that trade name. This he has failed to do.

The applicable principles of law are set forth below. With certain exceptions, the rules are substantially similar whether plaintiff's claim of infringement is made under the statutes or under the common law right. See Peterson & Co. v. Jay, 158 Neb. 305, 63 N. W. 2d 174.

Under our economic system, competition between enterprises is thought to be a desirable objective. Protection of trademarks promotes this objective in two ways: The trade names allow the public to distinguish between the goods and services of the various merchants, and the merchants reap the benefits (or suffer the consequences) of their efforts. See Weber, The Reasons Behind The Rules in The Law of Business Torts, 38 Neb. L. Rev. 608, 614; Harryman v. Harryman, 93 Kan. 223, 144 P. 262.

Thus, the evil sought to be eliminated by trade name protection is confusion. The likelihood of such confusion is the ultimate question, and the burden of answering the question is on the plaintiff. "If then it can be said that ordinary persons, dealing with ordinary caution, are likely to be misled, then it follows that deception is the natural and probable result of the defendant's acts. Either actual or probable deception, or confusion, must be shown to entitle the plaintiff to the protection of the rule. This is usually accomplished by showing circumstances from which courts might justly conclude that persons are likely to transact business with one party under the belief they are dealing with another. Where there is no probability of deception, there can be no unfair competition." Personal Finance Co. v. Personal Loan

Service, 133 Neb. 373, 275 N. W. 324.

No precise rules can be laid down to determine whether this confusion exists or is likely to arise. Among the considerations are: (1) Degree of similarity in the products offered for sale; (2) geographic separation of the two enterprises and the extent to which their trade areas overlap; (3) extent to which the stores are in actual competition; (4) duration of use without actual confusion; and (5) the actual similarity, visually and phonetically, between the two trade names.

The testimony in this case disclosed that the cities of York in York County, and Crete in Saline County, are approximately 49 miles distant, one from the other by the shortest route, Crete being southeast of York.

Without detailing the evidence, it can be said that, when viewed in the light most favorable to the plaintiff, it indicates at least some overlap of trade areas for York and Crete and a substantial similarity of product in certain areas. The plaintiff indicated he had already taken steps to open a "depot" in Fairbury and also to change the name of his store in Seward to "The Depot." Less testimony was offered on the trade areas of these towns than on that of York, but again, we accept the proposition that there is some competition with Crete. In a close case, those factors would add to the weight of the plaintiff's evidence in that they would increase the likelihood of confusion between two similar names.

We turn now, however, to what we consider to be the determinative issue in this case, i.e., the actual degree of similarity in the two names. Ray Root, the plaintiff's marketing expert, expressed his opinion that the names were similar enough to be confusing, as did the plaintiff himself. The defendants disagreed and on their behalf, Ralph Englert, the Deputy Secretary of State who approved the registration of "The Denim Depot" name, testified that

the addition of the descriptive word "Denim" was sufficient to distinguish the two trade names. The issuance of the permit by the Secretary of State is a ministerial act and we do not need to recognize his finding of fact, but we do note that he deals frequently in similar matters and for that reason take his opinion for its evidentiary value. To his opinion we add our own. We are unable to find that "The Depot" and "The Denim Depot" are so alike that they are likely to cause confusion in the minds of the public. Whether seen side-by-side, or at different times, the names, although similar, are distinguishable. One trade name is not an infringement of another if ordinary attention of persons or customers would disclose the differences. See Miskell v. Prokop, 58 Neb. 628, 79 N. W. 552.

We should not be understood to say that the addition of a single word will always entitle a defendant to judgment in a suit alleging infringement of a trade name. We simply hold that the plaintiff in this case has failed to show, as he must, either actual or probable confusion.

The decision of the District Court is affirmed.

AFFIRMED.