NEBRASKA PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, APPELLEE, V. BYFORD LOCKARD AND LORETTA LOCKARD, APPELLANTS.

467 N.W.2d 53

Filed March 22, 1991.   No. 89-108.

Douglas E. Merz, of Weaver, Beekman & Merz, for appellants.

Noyes W. Rogers, of Leininger, Grant, Rogers & Maul, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The defendants-appellants, former landowners Byford Lockard and his wife, Loretta, assign as error the grant of a permanent injunction forbidding them from pursuing an action for inverse condemnation against the plaintiff-appellee, Nebraska Public Power District. For the reasons discussed below, we reverse the decree of the trial court and dissolve the injunction.

The Lockards filed a petition in the county court, alleging that the power district improperly installed an electric meter on their property, which included a grocery business; that as a result their electric bills were twice what they should have been; and that these overcharges constitute a taking of or damage to their property for public use without just compensation. This result is alleged to have occurred because the higher-than-warranted electric bills reduced the profitability of their grocery operation, thus reducing the price the Lockards were able to obtain when they sold the business. It is this county court proceeding which the district court enjoined.

The parties overlook that the case upon which the power district relies for the proposition that injunction will lie to prevent a landowner from pursuing an inverse condemnation action, *State v. Nickel Grain Co., Inc.*, 182 Neb. 191, 153 N.W.2d 727 (1967), was expressly overruled on that point in *City of Lincoln v. Cather & Sons Constr., Inc.*, 206 Neb. 10, 290 N.W.2d 798 (1980). In reversing *Nickel Grain*, the *Cather* court observed at 13-15, 290 N.W.2d at 801-02, that

> injunction is an extraordinary remedy and ordinarily will not be granted except in a clear case where there is an actual and substantial injury. The right must be clear and the damage irreparable. [Citation omitted.]
>
> The fact that a party, including a governmental subdivision, must expend substantial sums of money to defend a lawsuit, while perhaps unfortunate, is generally

not evidence of either irreparable harm or damage, or the fact that no adequate remedy at law exists. Would we enjoin a governmental subdivision from proceeding with condemnation merely because a landowner claimed that it would cost a substantial sum of money to prove its case, absent other evidence of irreparable harm or damage, or absent other evidence of inadequacy of the remedy at law? We think not. [Citation omitted.]

. . . .

. . . While there may be an extreme case [inverse condemnation] where such relief, if properly pleaded and proved, might be granted, generally, we should not try matters piecemeal or enjoin a party from having access to a statutory right such as that prescribed by the inverse condemnation statutes even if, ultimately, the landowner is unable to prove any damages. Generally, injunction is not a proper action to prevent a landowner from seeking damages to its property through inverse condemnation by reason of earlier governmental action.

The cause now before us is not the type of extreme case contemplated by *Cather*; accordingly, injunctive relief was improper. We therefore reverse the decree of the trial court and dissolve the injunction.

REVERSED AND INJUNCTION DISSOLVED.