NEBRASKA IRRIGATION, INC., APPELLEE, V. HOWARD KOCH, DOING
BUSINESS AS NEBRASKA IRRIGATION SALES & EQUIPMENT, A SOLE
PROPRIETORSHIP, APPELLANT.

523 N.W.2d 676

Filed November 18, 1994.    No. S-93-476.

Tim O'Neill and Gregory D. Barton, of Harding & Ogborn, for appellant.

H. Daniel Smith, of Sherrets Smith & Gardner, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

FAHRNBRUCH, J.

Howard Koch appeals an order of the district court for Chase County enjoining his use of the trade name "Nebraska Irrigation Sales & Equipment" to identify his business.

Plaintiff-appellee, Nebraska Irrigation, Inc., claimed in its petition for injunction that Koch's trade name is "deceptively and confusingly" similar to plaintiff-appellee's trade name "Nebraska Irrigation."

We vacate the judgment of the district court and remand the cause to that court with direction to dismiss plaintiff-appellee's petition.

## FACTS

Plaintiff-appellee was incorporated on April 27, 1979. However, the owners had used the trade name "Nebraska Irrigation" since approximately 1975 in connection with the business of selling parts and after-market equipment for center-pivot irrigation systems. Plaintiff-appellee does not sell or install complete irrigation systems.

Plaintiff-appellee has 1,200 customers located throughout the Western United States, Mexico, Central America, the

Middle East, Europe, and Canada. Its manufacturing plant is located in Columbus, Nebraska, and 400 of its customers are located in Nebraska. Annual sales approximate $2.5 million.

In January 1988, defendant-appellant, Koch, began using the trade name "Nebraska Irrigation Sales & Equipment" for the business he acquired from Walter Reinke. Reinke had been doing business as Nebraska Irrigation Sales & Engineering since the early 1980's. Koch uses the trade name "Nebraska Irrigation Sales & Equipment" under an oral license from his wife, April Koch, who registered the trade name with Nebraska's Secretary of State on March 9, 1988. Since 1988, Koch has spent over $80,000 advertising under the name "Nebraska Irrigation Sales & Equipment."

Koch is a retailer of complete irrigation systems and parts and services. Ninety percent of his sales are new installations of Reinke Irrigation Systems. The other 10 percent of Koch's sales consist of services and replacement parts. The annual sales of Koch's business are approximately $900,000.

Koch's sales and service area is confined to a 100-mile radius of Imperial, Nebraska, with retail outlets located in Imperial and Bartley, Nebraska. "Several thousand dollars" of plaintiff-appellee's $2.5 million in annual sales are also within a 100-mile radius of Imperial.

As stated, plaintiff-appellee brought an action in equity seeking to permanently enjoin Koch from using the name "Nebraska Irrigation" in his business. In granting the injunction, the district court found that the name "Nebraska Irrigation" is not merely descriptive but is a combination of "Nebraska" and "irrigation," which is protected under statute and common law. The trial court also found that confusion does exist and that confusion is likely by the general public when both trade names are used. The trial court further found that the parties compete in the same area and sell basically the same types of goods and that Koch's use of the name "Nebraska Irrigation Sales & Equipment" exploits a name to the damage of plaintiff-appellee.

Koch timely appealed to the Nebraska Court of Appeals. The case was removed to this court pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENTS OF ERROR

Koch claims that the district court erred by finding that (1) the name "Nebraska Irrigation" is not merely descriptive; (2) the name "Nebraska Irrigation" is protected under statute and also common law; (3) confusion does exist and that confusion is likely because the general public will not be able to tell the difference between "Nebraska Irrigation" and "Nebraska Irrigation Sales & Equipment"; (4) the parties sell basically the same types of goods; (5) Koch's use of the trade name "Nebraska Irrigation Sales & Equipment" exploits, to plaintiff-appellee's damage, plaintiff-appellee's trade name; and (6) plaintiff-appellee's right to an injunction is clear—the damage to plaintiff-appellee is irreparable and will continue to be irreparable unless an injunction is issued, and the remedy at law is inadequate. Koch also claims that the trial court erred in failing to address and hold that plaintiff-appellee's claim is barred by the doctrine of laches.

## SCOPE OF REVIEW

An action for injunction sounds in equity. *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 466 N.W.2d 442 (1991). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *CAE Vanguard, Inc. v. Newman, ante* p. 334, 518 N.W.2d 652 (1994); *Whitehead Oil Co. v. City of Lincoln*, 245 Neb. 660, 515 N.W.2d 390 (1994).

An injunction is an extraordinary remedy and ordinarily should not be granted except in a clear case where there is actual and substantial injury. *Nebraska Pub. Power Dist. v. Lockard*, 237 Neb. 589, 467 N.W.2d 53 (1991). Such a remedy should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice. *Abboud, supra.*

## ANALYSIS

In a case for trade name infringement, the plaintiff has the burden to prove by a preponderance of the evidence the existence of (1) a valid trade name entitled to protection, and (2) a substantial similarity between the plaintiff's and the defendant's names, which would result in either actual or probable deception or confusion by ordinary persons dealing with ordinary caution. See, *Dahms v. Jacobs*, 201 Neb. 745, 272 N.W.2d 43 (1978); *Ransdell v. Sixth Street Food Store*, 174 Neb. 875, 120 N.W.2d 290 (1963).

We turn now to Koch's first and second assignments of error claiming that the district court erred in not finding the name "Nebraska Irrigation" merely descriptive and in determining that the name is a protectable trade name. Generic words, whose primary meaning is merely descriptive of the business to which they are applied or which are such as are in common use for that purpose, cannot be exclusively appropriated as a trade name. *Personal Finance Co. v. Personal Loan Service*, 133 Neb. 373, 275 N.W. 324 (1937). "As a matter of law, no one is entitled to the exclusive use of descriptive adjectives of the language." *Id.* at 379, 275 N.W. at 327. These terms may be used by all the world in an honestly descriptive and nondescriptive manner. *Personal Finance Co., supra.*

The name "Nebraska Irrigation" uses the geographic term "Nebraska" and a descriptive term "irrigation." "[A] combination of geographical names with other symbols or marks, even though the geographical name itself may not be a valid trade mark, may be protected against unfair competition." *Ransdell*, 174 Neb. at 885, 120 N.W.2d at 296. Thus, the combination of "Nebraska" and "Irrigation" is a protectable trade name against unfair competition.

The next step is to determine whether there has been an infringement made upon plaintiff-appellee's trade name. The evil sought to be eliminated by trade name protection is confusion. *Dahms, supra*. The burden is upon the plaintiff to show whether the likelihood of such confusion exists. *Id.*

In his third assignment of error, Koch claims that the district court erred in finding in substance that confusion exists and that confusion by the general public is likely if Koch is

permitted to use the name "Nebraska Irrigation Sales & Equipment" while plaintiff-appellee uses its trade name "Nebraska Irrigation." The likelihood of confusion in the use of trade names can be shown by presenting circumstances from which courts might conclude that persons are likely to transact business with one party under the belief they are dealing with another party. *Id.* If the similarity is such as to mislead purchasers or those doing business with the company, acting with ordinary and reasonable caution, or if the similarity is calculated to deceive the ordinary buyer in ordinary conditions, it is sufficient to entitle the one first adopting the name to relief. *Ransdell, supra.*

This court set standards for determining whether confusion exists or is likely to arise:

> No precise rules can be laid down to determine whether [trade name] confusion exists or is likely to arise. Among the considerations are: (1) Degree of similarity in the products offered for sale; (2) geographic separation of the two enterprises and the extent to which their trade areas overlap; (3) extent to which the stores are in actual competition; (4) duration of use without actual confusion; and (5) the actual similarity, visually and phonetically, between the two trade names.

*Dahms*, 201 Neb. at 747, 272 N.W.2d at 44.

Consideration of each factor is necessary to determine if confusion exists or is likely to exist in the present case.

We first turn to the degree of similarity between the products offered for sale by both plaintiff-appellee and Koch. Both parties sell irrigation equipment. However, over 90 percent of Koch's sales involve the sale of complete irrigation systems, which are the Reinke brand exclusively. Plaintiff-appellee sells primarily parts to "resellers." Further, Koch regularly provides repair and installation services, and plaintiff-appellee does not. Thus, the degree of similarity between products offered for sale in the two businesses is not great.

Next, we must consider the geographic separation of the two enterprises and the extent to which their trade areas overlap. The companies operate at different locations. Koch operates out of Imperial and Bartley, while plaintiff-appellee operates

out of Columbus. Plaintiff-appellee's trade area extends throughout the Western United States as well as to foreign countries while Koch's trade area, within a 100-mile radius of Imperial, overlaps a relatively small portion of plaintiff-appellee's trade area.

The next factor, the extent to which the businesses are in actual competition, should be considered to determine how much weight is to be given to the overlap in trade areas. Koch argues that the district court erred in finding that the parties sell basically the same types of goods. Koch is a retailer of complete irrigation systems, with annual sales of approximately $900,000. Plaintiff-appellee is primarily a wholesaler of parts and "only several thousand dollars" of its $2.5 million annual sales are within a 100-mile radius of Imperial.

Roger Bettenhausen, president of plaintiff-appellee, admitted in his trial testimony that it is apparent from Koch's advertisements that Nebraska Irrigation Sales & Equipment sells directly to the public. Bettenhausen also testified that plaintiff-appellee sells substantially through "resellers." The record reflects that plaintiff-appellee and Nebraska Irrigation Sales & Equipment are not selling their products to the same customers, and the extent to which the businesses are in actual competition is minimal.

The fourth factor to consider is the duration of the use of a name without actual confusion. Bettenhausen testified that on numerous occasions he was held accountable for prices Koch listed in Nebraska Irrigation Sales & Equipment advertisements. However, Bettenhausen did not set forth any specific instances of confusion.

The record fails to establish that Koch intended to avail himself of the "Nebraska Irrigation" reputation and to transact business as "Nebraska Irrigation." Koch testified he was not using the name "Nebraska Irrigation Sales & Equipment" to take advantage of the reputation of "Nebraska Irrigation." Bettenhausen admitted he was unaware of any instance where Koch or Koch's employees intended to transact business as "Nebraska Irrigation." The record reflects that Koch has used the trade name "Nebraska Irrigation Sales & Equipment" since January 1988 without any evidence of confusion.

Finally, we must look at the actual similarity between the trade names. In *Dahms v. Jacobs*, 201 Neb. 745, 272 N.W.2d 43 (1978), we said the degree of similarity between the names "The Depot" and "The Denim Depot" was the determinative issue. The facts in that case involved some overlap of trade areas of the two companies, a substantial similarity of product in certain areas, and some competition. However, this court gave greater weight to its finding that the names "The Depot" and "The Denim Depot" were not so similar that they were likely to cause confusion in the minds of the public. This court found that whether seen side by side or at different times, the names were distinguishable.

In *Miskell v. Prokop*, 58 Neb. 628, 79 N.W. 552 (1899), we found that there was a distinction between the business names "New York Racket Store" and "Racket Store." This court found a careful examination of the words would prevent the public from being deceived, although the two businesses were located in the same town and dealing in similar businesses.

In the case at hand, we find that a careful examination of the names "Nebraska Irrigation" and "Nebraska Irrigation Sales & Equipment" would prevent the public from being deceived. We find the names, whether seen side by side, or at different times, are distinguishable.

Although in the present case there exists an overlap of trade areas of plaintiff-appellee and Nebraska Irrigation Sales & Equipment, we find that the products offered for sale by the two companies are not substantially similar and that the parties do not compete for the same customers. Plaintiff-appellee deals almost exclusively in component parts and after-market equipment and sells to "resellers," while Nebraska Irrigation Sales & Equipment sells complete irrigation systems through its retail stores. This court gives greater weight to the fact that the two names are not so similar that they are likely to cause confusion in the minds of the public. One trade name is not an infringement on another trade name if ordinary attention of persons would disclose the difference. *Dahms, supra*. Plaintiff-appellee has not proven a clear right to injunctive relief against Koch's use of the trade name "Nebraska Irrigation Sales & Equipment." This being dispositive of the case, we need

not consider the remaining assignment of error.

Plaintiff-appellee has failed to meet its burden to show, by a preponderance of the evidence, either actual or probable confusion in the use of the trade names "Nebraska Irrigation" and "Nebraska Irrigation Sales & Equipment." We, therefore, vacate the judgment of the district court and remand the cause to that court with direction to dismiss plaintiff-appellee's petition.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTION.