28  307
33  685

---

JOSEPH GARNEAU CRACKER COMPANY v. CHILLINGS-
WORTH C. PALMER.

[FILED DECEMBER 31, 1889.]

1. **Review:** PRESUMPTIONS. A verdict of a jury and judgment thereon will not be set aside as being unsupported by the evidence when the bill of exceptions shows upon its face that all the evidence submitted to the trial jury is not before the supreme court; all presumptions being in favor of the regularity of the proceedings of the district court.

2. **Master and Servant:** WORDS AND PHRASES. An instruction that it was the duty of a master who employed a servant in the use of machinery to "use ordinary and reasonable care and judgment" in providing suitable and safe machinery for the use to which it was to be put, *held*, not erroneous by reason of the use of the word "judgment"; it being synonymous with "prudence" in the sense in which it was used.

ERROR to the district court for Douglas county.    Tried below before HOPEWELL, J.

*Charles Ogden,* for plaintiff in error:

A servant assumes the ordinary risks of an employment, though it be a hazardous one. (*Hayden v. Mfg. Co.,* 29 Conn., 558, and cases cited; 3 Wood, Railway Law, p. 1452.) As to the rule in the case of explosions: *Losee v. Buchanan,* 51 N. Y., 476; *Indiana, etc., R. Co. v. Toy,* 91 Ill., 474; *Columbus, etc., R. Co., v. Arnold,* 31 Ind., 174; *Marshall v. Welwood,* 38 N. J. L., 339; *Green, etc., R. Co. v. Bresmer,* 97 Pa. St., 106; *Sykes v. Packer,* 99 Pa. St., 465; *Hard v. Vt., etc., R. Co.,* 32 Vt., 473.

*Bradley & Delmatre,* for defendant in error:

A servant simply assumes the ordinary risks and others of which he is aware. (*Houner v. Ill. Cent., R. Co.,* 15 Ill., 550; *Chicago, etc., R. Co. v. Harney,* 28 Ind., 28; *Wonder v. Baltimore, etc., R. Co.,* 32 Md., 411; *Coombs v. New Bedford Co.,* 102 Mass., 572; *Ft. Wayne, etc., R. Co. v. Gildersleeve,* 33 Mich., 133; *De Witt v. Pac. R. Co.* 50 Mo., 302; *Kielley v. Belcher, etc., Co.,* 3 Sawyer [U. S.], 500; *Jones v. Yeager,* 2 Dill [U. S.], 64.) The master is negligent if the machinery is so constructed that the servant will be injured by the slightest indiscretion. (*Toledo, etc., R. Co. v. Fredericks,* 71 Ill., 294.) If the servant knows that the machinery is defective, but notifies the master thereof, he may continue at work waiting for its repair for a reasonable time, before he assumes the risk of the accident. (*Crutchfield v. Richmond, etc., R. Co.,* 78 N. Car., 300.)

Reese, Ch. J.

The original action was instituted in the district court by defendant in error, and against plaintiff in error for damages resulting from alleged personal injuries caused by the explosion of a steam kettle in which sugar and other articles were being melted for the purpose of manufacturing the ingredients into boiled icing, to be used in the

manufacture of a certain kind of cakes, which were being made by plaintiff in error.

It was alleged in the petition that defendant in error entered into the service of plaintiff in error as a machine cake baker, and while so in the employment of plaintiff in error he was directed by his superior to engage in the manufacture of what was called boiled icing; that for the purpose of making the compound referred to, sugar and other ingredients were placed in a kettle, which was heated by steam; that before defendant in error entered upon the undertaking he informed the plaintiff in error that he was wholly unacquainted with the methods of making icing referred to, and that he was unfamiliar with the machinery of the quality and character employed by plaintiff in error in that work; that plaintiff in error, in total disregard of its duties in that behalf, carelessly, negligently, and knowingly provided an unsuitable, unsafe, and dangerous machine or kettle to be used in the preparation of the icing, and that while in its use, and without fault on the part of defendant in error, it exploded, and he received the injury described in the petition.

The answer of plaintiff in error consisted of a general denial of all the allegations of the petition, except that plaintiff in error was a corporation and that defendant was in its employ at the time referred to in his petition. It also alleged contributory negligence on the part of defendant in error, and that prior to entering upon the business of making the boiled icing, he had represented to the agents of plaintiff in error that he was an expert in the manufacture of said icing, and in the use and management of the machinery by which it was made. The reply was in substance a general denial.

A jury trial was had which resulted in a general verdict in favor of defendant in error, and upon which, after a motion for a new trial had been entered and overruled, a judgment was rendered. The cause is presented to this court by proceedings in error.

A considerable portion of the brief of the plaintiff in error is devoted to a discussion of the evidence upon which the cause was submitted; and it is contended that the verdict was not sustained thereby.

Upon an examination of the bill of exceptions we find that the testimony which was submitted to the jury is not all before us. It was shown that the deposition of two witnesses were submitted, neither of which appears in the bill of exceptions or of the transcript in the case. We cannot, therefore, say that the verdict was not sustained by the evidence, as all presumptions are in favor of the regularity of the proceedings in the district court. And it must be presumed that the evidence fully sustained the verdict of the jury.

It is insisted that the district court erred in instructions given to the jury upon the trial, and also in refusing instructions asked by plaintiff in error, and to which it by its counsel excepted. There were ten instructions given by the court upon its own motion; one given upon the request of defendant in error, and six refused which were asked by plaintiff in error. It could accomplish no good purpose to set out at length all of these instructions. And since the bill of exceptions shows upon its face that it does not contain all the evidence submitted to the jury, the only question which can be here discussed is, whether or not the instruction, of which particular complaint is made, properly states the law under any conceivable state of facts which might be proven under the pleadings. (*Credit Foncier v. Rogers*, 10 Neb., 184.) The instructions asked by plaintiff in error were also founded and based upon the assumed facts of that particular case. But whether the proof showed the facts to be as assumed in the instruction we cannot say. We will therefore give no further time to the instructions asked by plaintiff in error and refused.

The third instruction given by the court upon its own motion is objected to. It was as follows:

"Third—You are further instructed that it is the duty of a master who employs a servant in the use of machinery to use ordinary and reasonable care and judgment to furnish such machinery as is suitable and safe for the use to which it is put. But if he fails to use such ordinary care and prudence, and injury thereby result to an employe, without the fault or negligence of such employe, then the master is liable."

The criticism upon this instruction is in use of the word "judgment" in that part of the instruction referring to the ordinary and reasonable care to be exercised by an employer furnishing machinery for those in his service. While it is no doubt true that the word "prudence" as used in the latter part of the instruction is a preferable word, yet, in the sense in which the word "judgment" is used in the instruction, it evidently means substantially the same thing; and so the jury must have understood it. The two words are treated by Webster in his Unabridged Dictionary as being synonymous when used in that sense. The quality of ordinary and reasonable care, and judgment or prudence suggested in the instruction, referred to the provision of such machinery as would be suitable and safe for the use to which it was to be put. Not that the machinery should be safe, but that ordinary and reasonable care and judgment should be exercised in procuring machinery which might be supposed to be suitable and safe. The word "judgment" is also used in substantially the same sense, in the fourth and seventh instructions. While not the most felicitous selection of language, the idea conveyed by it in the sense in which it is used in all these instructions would be synonymous with that of the word "prudence."

Being unable to detect any errors in the instruction referred to, which require a reversal of the judgment, it will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.