## A. U. BECKER v. H. B. SIMONDS.

[FILED JANUARY 5, 1892.]

1. **Judgment on Pleadings:** DENIAL: WAIVER. On a motion overruled, under sec. 440 of the Civil Code, to render judgment in favor of the party by law entitled thereto under the pleadings, though a verdict has been rendered adversely, and the party subsequently answers, joining the issue and going to trial on the merits, *held*, that the party thereby waived the error in review in this court.

2. **Review:** MOTION FOR NEW TRIAL NECESSARY. In an action at law, to review errors on the trial, they must have been assigned as errors on a motion for a new trial. (*Manning et al. v. Cunningham*, 21 Neb., 288.)

3. ———: PRESUMPTIONS. A verdict and judgment will not be set aside, as unsupported, when all the evidence submitted to the jury is not preserved in the bill of exceptions brought up to the supreme court, the presumption being strongly in favor of the regularity of proceedings in the court below. (*Garneau Cracker Co. v. Palmer*, 28 Neb., 307.

4. ———: ENTRY OF JUDGMENT: DISCRETION. The action of the district court in entering judgment on a verdict *de facto* on a trial, in the face, under the eyes, and the recorded minutes of the court, *held* to be wholly within its duty and judicial discretion, independent of the *post factum* affidavits of jurors who concurred in the verdict.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*J. S. Gilham,* for plaintiff in error.

*J. L. Kaley, contra.*

COBB, CH. J.

On the 9th day of October, 1886, plaintiff in error, A. U. Becker, brought an action before a justice of the peace on two promissory notes, one dated March 23, 1886, for

$20, one dated March 15, 1886, for $130, each bearing interest at ten per cent from date, and each due October 1, 1886.

Defendant adjourned the cause by his affidavit twice. On the 14th of December, on the demand of plaintiff, defendant filed his set-off, and trial was had to the justice. The set-off was as follows:

" Comes now the said defendant, and for answer herein says that he admits the execution and delivery and his indebtedness on the two notes sued on herein.

" For further answer herein said defendant says that on the 13th day of January, 1883, Silas M. Milligan and Mrs. H. A. Milligan were indebted to said defendant in the sum of $240. At the request of said plaintiff, and by consent of said defendant, they, the said Milligans, made, executed, and delivered to said plaintiff their two certain joint promissory notes of that date aggregating the sum of $240, with ten per cent interest thereon from the date thereof, which, by the express agreement between said plaintiff and defendant, was to be applied as payment on the debt then due from said defendant to said plaintiff. Defendant avers that said plaintiff failed and refused, and still fails and refuses, to give said defendant credit for said $240, or any part thereof, or to pay the same.

"Defendant says that he is not indebted to said plaintiff in any sum whatever, but that on the contrary the said plaintiff is now indebted to said defendant the difference between said $240 with interest from said 13th day of January, 1883, and the sum of $140 with interest thereon from March 15, 1886, at ten per cent, to-wit, the sum of $184 with interest thereon from September, 13, 1882, for which last named sum, with interest thereon as aforesaid, defendant prays judgment against said plaintiff and costs of suit."

The plaintiff replied, admitting the making of the notes by Milligan and that they were by agreement to be credited

as payments when paid on defendant's indebtedness then existing in behalf of plaintiff; that the proceeds of said notes were duly credited on the indebtedness, and the defendant received the benefit of the notes, which were used to extinguish an amount of indebtedness existing in favor of plaintiff equal to the amount of the notes. That on January 13, 1883, plaintiff and defendant had a full and final settlement of all the matters between them, including all the indebtedness before that time owing to plaintiff by defendant, and all the payments and credits made thereon by defendant, including the Milligan notes; that plaintiff thereupon turned over to defendant every claim or note then held by him against defendant as fully paid, and claimed to hold no further charge or demand against him by reason of anything prior to the settlement.

On December 15, 1886, the justice found that there was due the plaintiff from the defendant on the notes sued on $149.33 as principal and interest, and that on the defendant's set-off there is nothing due, and gave judgment for the plaintiff for the amount found due and costs $2.80, with interest on the judgment at the rate of ten per cent. From this judgment the defendant appealed. His answer in the district court only differed from that set out, by asking judgment for $240 with interest from January 13, 1883. To this the plaintiff replied that he had credited the notes on the indebtedness of 1883, and since then had claimed nothing by reason of the transactions of that year.

On January 12, 1888, there was a trial to a jury with verdict for defendant of one dollar. The plaintiff moved the court, notwithstanding the verdict, for judgment for the amount of the notes, for the reason that on the pleadings he was entitled to judgment in law. This motion was overruled and exception taken.

The plaintiff again moved for a new trial, which was granted, with judgment for defendant's costs, taxed at $21.75. The defendant put in an amendment to his answer.

The amended answer specifies the debt of Simonds to Becker in 1883 as a note for $406.50, and makes the same allegations as in the two former, then adds : " Defendant further says that having been misled by the false and fraudulent representations of plaintiff he was induced to and did through mistake pay the full amount of the said $406.50 note to plaintiff in money, by reason whereof he overpaid the same in a sum equal to the full amount of the said Milligan notes.  That after defendant had paid and obtained possession of said $406.50 he discovered his mistake, whereupon he demanded of plaintiff repayment of the sum aforesaid overpaid, which plaintiff then and there refused and still refuses to pay, or any part thereof."

The plaintiff's motion to strike the amended answer from the files was overruled, and the plaintiff filed his amended reply : "Admitting the making of the Milligan notes to him, and that he was to give defendant credit therefor on the indebtedness then existing by defendant, but denies that they were to be credited on the $406.50 note alone, but were to be credited on any and all notes and indebtedness then owing by defendant to plaintiff; that said notes were so credited and that the defendant received the full benefit thereof to extinguish an amount of indebtedness equal to the amount of the notes.

" That on January 13, 1883, he had a full and complete settlement of all matters with defendant, including all the indebtedness owing to him, and all the payments and credits made by defendant, including the Milligan notes; that he then turned over to defendant each and all of every claim and note then held by him against defendant as fully paid, and claimed to hold no further demands against him by reason of anything preceding said settlement."

On April 12, 1888, there was a trial to a jury with verdict for the defendant of $196, of which sum the defendant enters a remittitur of $37.  The plaintiff's motion for a

new trial was overruled and judgment entered for $159 and costs of suit, and exceptions taken.

It also appears of record that the journal entry of the verdict was in accordance with the separate copy of the verdict for $1.96 until November 24, 1888, while the judge's minutes show a verdict for $196 and judgment for $159. On said date the defendant moved to correct the record, and the journal entry was changed upon evidence by striking out the period between the figures one and nine by direction of the court.

The plaintiff assigns as error:

1. In overruling the plaintiff's motion for judgment on the pleadings, notwithstanding the verdict on the first trial.

2. In overruling plaintiff's motion to strike out defendant's amended answer.

3. The defendant's answer does not state a set-off.

4. The verdict is not sustained by sufficient evidence.

5. In overruling the motion for a new trial.

6. In changing the record of the judgment after the ruling on a motion for a new trial, and after the term of court, and after the filing of the supersedeas bond in this case.

In support of the first assignment, the plaintiff in error cites section 440 of the Civil Code, that " Where, upon statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court though a verdict has been found against such party." To this provision there has been established a limitation where the party, as in this case, after motion and waiving demurrer, answers over and goes to trial on the merits of the issue which he has elected to join, he waives the error on the overruling of motion or demurrer. Nor was this error assigned in the court below on the motion for a new trial, 21 Neb., 288. (*Pottinger v. Garrison,* 3 Neb., 221; *Tomer v. Densmore,* 8 Id., 384; *Harral & Uhl v. Gray,* 10 Id., 186.)

As to the second and third assignments, the amended answer of the defendant, whether stating a set-off or counter-claim, or whether for money by mistake in fact paid by defendant in the transactions involved in the plaintiff's cause of action, is not deemed to have been reversible error. The court in its proper discretion overruled the motion to strike it out, and the plaintiff elected to join issue on a trial of merits.

The first, second, and third assignments are therefore overruled.

As to the fourth assignment, that "the verdict is not sustained by sufficient evidence," it does not appear from the record that other testimony than that of the parties to the action is preserved in the bill of exceptions, but that the notes shown in evidence, as exhibits to the defendant's testimony, were not preserved as a part of the evidence. The testimony of the parties, though sharply conflicting, was such as to convince the jury, who heard *all* the evidence, of the credibility as well as sufficiency of the defendant's evidence in support of the verdict.

It has been held that "A verdict of a jury and judgment will not be set aside, as unsupported, when the bill of exceptions shows that all the evidence submitted to the jury is not brought up, all presumptions being in favor of the regularity of proceedings in the district court." (*Garneau Cracker Co. v. Palmer*, 28 Neb., 307.)

The fourth and fifth assignments are overruled.

The sixth assignment is that of error of the court in changing the record of the judgment from that entered by the clerk subsequent to the motion for new trial, and to the term of court at which the judgment was entered, and to the filing of the supersedeas bond.

This action of the court in entering judgment on the verdict *de facto* on a trial, in the face, under the eyes, and the written minutes of the court, was wholly within its judicial duty and discretion, and was not dependent on the

*post factum* affidavits of jurors who rendered the verdict. The judgment of the district court is

AFFIRMED.

THE other judges concur.