Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/25/2019 09:06 AM CDT

- 984 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

DENALI REAL ESTATE, LLC, A NEBRASKA LIMITED LIABILITY
COMPANY, DOING BUSINESS AS DENALI CONSTRUCTION AND
DENALI HOMES, APPELLEE, V. DENALI CUSTOM BUILDERS,
INC., A NEBRASKA CORPORATION, APPELLANT.

___ N.W.2d ___

Filed April 25, 2019.    No. S-18-287.

1. **Injunction: Equity.** An action for injunction sounds in equity.
2. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.
3. ____: ____. On appeal from an equity action, when credible evidence is in conflict on material issues of fact, the court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.
4. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
5. **Rules of the Supreme Court: Pleadings.** Nebraska courts will look to federal decisions interpreting corresponding federal rules for guidance in interpreting similar Nebraska civil pleading rules.
6. **Rules of the Supreme Court: Motions to Dismiss: Moot Question.** Generally, the denial of a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6) becomes moot after trial.
7. **Pleadings: Judgments: Appeal and Error.** A party who unsuccessfully moves for judgment on the pleadings must either file additional pleadings or go to trial on the issues joined by the original pleadings, and, by saving exception to the action of the trial court in overruling his or her motion, obtain a review thereof on appeal from the final judgment, if adverse.
8. **Pleadings: Judgments.** Even when a party does not move to amend pleadings, a court may constructively amend pleadings on unpleaded issues in order to render a decision consistent with the trial.

- 985 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

9. **Directed Verdict: Waiver: Appeal and Error.** A defendant who moves for a directed verdict at the close of the plaintiff's evidence and, upon the overruling of such motion, proceeds with trial and introduces evidence, waives any error in the ruling on the motion.

10. **Names: Words and Phrases.** A designation is "used" as a trade name when the designation is displayed or otherwise made known to prospective purchasers in the ordinary course of business in a manner that associates the designation with the goods, services, or business of the user.

11. **Names: Proof.** In a case for trade name infringement, the plaintiff has the burden to prove by a preponderance of the evidence the existence of (1) a valid trade name entitled to protection and (2) a substantial similarity between the plaintiff's and the defendant's names, which would result in either actual or probable deception or confusion by ordinary persons dealing with ordinary caution.

12. **Names.** The evil sought to be eliminated by trade name protection is confusion.

13. **Names: Proof.** The likelihood of confusion in the use of trade names can be shown by presenting circumstances from which courts might conclude that persons are likely to transact business with one party under the belief they are dealing with another party. If the similarity is such as to mislead purchasers or those doing business with the company, acting with ordinary and reasonable caution, or if the similarity is calculated to deceive the ordinary buyer in ordinary conditions, it is sufficient to entitle the one first adopting the name to relief.

14. **Names.** Among the considerations for determining whether trade name confusion exists are (1) degree of similarity in the products offered for sale; (2) geographic separation of the two enterprises and the extent to which their trade areas overlap; (3) extent to which the stores are in actual competition; (4) duration of use without actual confusion; and (5) the actual similarity, visually and phonetically, between the two trade names.

15. **Corporations: Names.** Under Neb. Rev. Stat. § 87-302 (Cum. Supp. 2018), a corporation engages in a deceptive trade practice when, in the course of its business, it causes the likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services or affiliation, connection, or association with, or certification by, another.

16. **Claims: Names: Deceptive Trade Practices.** While a claim for the misuse of a trade name considers only the trade name seeking protection, a claim for a deceptive trade practice expands the consideration to issues of image and trade dress.

17. **Torts: Intent: Proof.** To succeed on a claim for tortious interference with a business relationship or expectancy, a plaintiff must prove (1) the

- 986 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted.

18. ____: ____: ____. One of the basic elements of tortious interference with a business relationship requires an intentional act that induces or causes a breach or termination of the relationship or expectancy.

19. **Actions: Names: Injunction.** Neb. Rev. Stat. § 87-217 (Reissue 2014) authorizes a registrant of a trade name to proceed by suit to enjoin the use or display of imitations of its trade name.

20. **Deceptive Trade Practices: Injunction.** Neb. Rev. Stat. § 87-303(a) (Cum. Supp. 2018) authorizes a court to grant an injunction against a person committing a deceptive trade practice.

21. **Equity.** In an equitable action, the district court is vested with broad equitable powers and discretion to fashion appropriate relief.

22. **Jurisdiction: Appeal and Error.** Once an appellate court acquires equity jurisdiction, it can adjudicate all matters properly presented and grant complete relief to the parties.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Joseph C. Byam, of Byam & Hoarty, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## I. INTRODUCTION

A company using registered trade names obtained a permanent injunction, statutory damages, and attorney fees against a corporation using a similar name. The corporation appeals, contending that it used only its legal corporate name. But because evidence showed otherwise and actual confusion resulted, the corporation's central argument fails. We first consider whether the denials of the corporation's pretrial motions to dismiss and for judgment on the pleadings survive the trial, reaching only the latter motion. Upon de novo review, we uphold the

- 987 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

judgment on the company's claims of trade name infringement and deceptive trade practices, but not its claim for intentional interference with a business relationship. Otherwise finding no merit to the appeal, we affirm the judgment.

## II. BACKGROUND

### 1. Parties

Denali Real Estate, LLC (DRE), doing business as Denali Construction and Denali Homes, is a Nebraska limited liability company with an office in Omaha, Nebraska. It filed a certificate of organization with the Nebraska Secretary of State in 2014. In September 2015, DRE registered with the Secretary of State the trade names "Denali Construction" and "Denali Homes." That same month, it began building, advertising, and selling new homes under the name "Denali Homes." DRE markets its homes in eastern Nebraska and has built homes in Douglas, Lancaster, and Sarpy Counties.

Denali Custom Builders, Inc. (DCB), is a Nebraska corporation with an office in Lincoln, Nebraska. It filed articles of incorporation and commenced business on February 29, 2016. It builds new homes in Lancaster County.

### 2. Lawsuit

In July 2016, DRE demanded that DCB stop using the name "Denali Custom Builders, Inc." in its business. DCB continued to use the name, and DRE filed suit in the district court in October.

DRE alleged misuse of trade name, claiming that DCB's "use of the trade name 'Denali Custom Builders, Inc.' has caused confusion, mistake, and deception among purchasers and potential purchasers of homes in Nebraska." DRE sought injunctive relief and damages attributable to DCB's "wrongful use of [DRE's] trade name," including lost profits and reasonable attorney fees.[1]

---

[1] See Neb. Rev. Stat. § 87-217 (Reissue 2014).

- 988 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

DRE also alleged deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act.[2] It alleged that DCB's use of DRE's trade name caused confusion and misunderstanding as to DCB's affiliation with DRE. On this claim, DRE sought an injunction and costs.[3]

Finally, DRE alleged interference with a business relationship. It claimed that DCB was "deceiving the members of the public" into believing that DCB's advertising was that of DRE, thereby interfering with DRE's "business relationships with the public generally."

### 3. Pretrial Proceedings

DCB responded by filing a motion to dismiss, alleging that the complaint failed to state a claim upon which relief may be granted. The district court denied the motion.

After the denial of DCB's motion to dismiss, DCB filed an answer. As an affirmative defense, it alleged that "[t]he Complaint fails to state a claim upon which relief can be granted because 'Denali Custom Builders, Inc.' is [DCB's] legal name, not [DCB's] trade name."

After the close of the pleadings, DCB moved for judgment on the pleadings. The court overruled the motion. In doing so, the court stated that "there is a reasonable dispute as to whether there's a misuse of the trade name or of the names used by [DCB]" and that the factual allegations in the complaint were sufficient to support the causes of action.

Forty-nine days after a pretrial conference, DRE moved to amend its complaint and the joint pretrial conference memorandum. DRE sought to add Roger Watton, a potential homebuyer, as a witness and to add as exhibits two bills from a Lincoln utility. DCB filed an objection, noting that the trial was set to begin in 13 days and that DRE had had more than 1 year to amend its complaint. DCB also alleged that it would

---

[2] Neb. Rev. Stat. §§ 87-301 to 87-306 (Reissue 2014 & Cum. Supp. 2018).

[3] See § 87-303.

- 989 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

be prejudiced by any amendment to the complaint. During a hearing on the motion to amend and the objection, DRE represented that neither the utility bills nor the testimony of Watton were known to DRE at the time of completing the pretrial conference memorandum "because this has just occurred in the last couple weeks." The court overruled the motion to amend the complaint, but sustained the motion to add the witness and exhibits to the pretrial joint conference memorandum.

Two days before trial, DCB moved for attorney fees under Neb. Rev. Stat. § 25-824(2) and (4) (Reissue 2016). It alleged that the action was frivolous and was brought to harass DCB.

## 4. Trial

The court bifurcated the trial, with the initial portion of the trial addressing liability and a second portion being reserved for consideration of remedies.

By the time of trial, DRE had built approximately 10 homes. It was building a home "within half a mile" of a home that DCB was building. DCB's signage and its website identified it as "Denali Custom Builders" and, according to DRE's managing partner, used the same fonts and colors as DRE.

DRE adduced evidence demonstrating confusion regarding DRE and DCB. Internet searches for "denali construction nebraska" or "denali home construction nebraska" directed the searcher to DCB's website. DRE received a document from a lumber company with which it frequently transacted business that identified DRE as both "Denali Custom Homes" and "Denali Custom Builders." A bill from a utility for one of DRE's projects identified the customer as "Denali Custom Builders." Another time, DRE returned materials to an Omaha furniture store but the store gave the credit to DCB. An employee testified that there was confusion as to which entity should get the credit. An appliance sales associate for the same furniture store testified that an order belonging to DRE ended up in the store's system under DCB, which caused confusion. Watton testified that in September 2017,

- 990 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

he and his wife met with representatives of DRE in Omaha to discuss the process for building a home. The following weekend, Watton and his wife toured some homes in Lincoln and there was a home built by an entity containing the name "Denali." After touring the home, Watton did not know what entity had built it. Watton subsequently spoke with a representative of DRE, who clarified that DRE had not built that particular house.

After DRE presented its case in chief, it asked that the pleadings be amended to conform to the evidence presented. Specifically, DRE wanted the complaint to be amended to show that DCB used names other than its true legal name. DCB objected. The court overruled the motion, because "this is already incorporated into the allegations that have been made and consistent with the matters that we've addressed before." DCB moved for a directed verdict, which the court denied. The only evidence DCB offered was an attorney fee affidavit.

## 5. Interlocutory Order
### and Final Judgment

After the first phase of the trial, the court entered an order finding in favor of DRE on the issue of liability. The court found that DRE and DCB were operating the same type of business, which generally consisted of building new homes. It found that both businesses advertised on social media, that they were building homes in Lincoln within a half mile of each other, and that they have signs using "Denali."

Significantly, the court determined that DCB generally did not use its corporate name when conducting business, but, rather, typically removed "'Inc.'" and used "'Denali Custom Builders.'"

The court also determined that DRE's evidence provided a reasonable basis for concluding that there was confusion and that it was likely for such confusion to exist in the future. The court found that DRE's right to use "'Denali'" was superior

- 991 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

to that of DCB, noting that DRE used and registered the trade name for a home construction business first and that it had used the trade name in the ordinary course of business in a manner that associated its business with that name. The court concluded that DRE had met its burden of proof and established its claim for relief for misuse of a trade name.

The court also found that DRE met its burden of proof and established its claim for relief against DCB for engaging in deceptive trade practices. The court noted that both parties were in the home construction business, that both parties transacted business and advertised in Lancaster County, and that there had been actual confusion by suppliers and the consuming public. The court observed that DCB used similar colors, type fonts, images, and design as those used by DRE.

Finally, with regard to interference with business relationships, the court found that DCB's use of "'Denali'" interfered with DRE's business relationships. The court found that DRE had a valid business relationship with its suppliers and an expectancy of a business relationship with the consuming public. The court stated that DCB's "failure to terminate the use of the name after being aware of [DRE's] use creates intentional interference under the law."

Following the second phase of the trial, the court entered judgment. It permanently enjoined DCB from using or displaying "'Denali'" in its business in any manner and gave it a set amount of time to remove "'Denali'" from anywhere it used or displayed that word, including "registration of its corporate name or trade name with the Nebraska Secretary of State and from any signage, website, advertising, social media (including but not limited to Facebook and Twitter)." The court awarded DRE statutory damages of $1,000 under § 87-217, awarded $10,561.45 in attorney fees incurred by DRE, and ordered DCB to pay all of the costs.

Nine days later, DCB filed a number of motions. It moved (1) to suspend the injunction, (2) for a new trial, (3) to set

- 992 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

aside the judgment, (4) to alter or amend the judgment, and (5) to determine the amount for a supersedeas bond. The court granted the motion to determine supersedeas, but denied the other motions.

DCB filed a timely appeal, and our record does not reveal whether it posted the specified supersedeas bond.

## III. ASSIGNMENTS OF ERROR

DCB assigns 17 errors. For the sake of clarity, we group them in three categories.

With regard to pretrial matters, DCB alleges that the court erred in denying its pretrial motion to dismiss and its motion for judgment on the pleadings.

DCB assigns several errors relating to the court's determinations on liability, relief, and attorney fees. It alleges that the court erred in (1) denying its motion for directed verdict and in finding for DRE as to its claims, (2) awarding statutory damages and attorney fees to DRE and in enjoining DCB from using or displaying the name "Denali," and (3) failing to award attorney fees to DCB.

DCB assigns 12 errors related to evidentiary issues, which we consolidate and restate. DCB asserts that the court erred in (1) overruling its relevancy objections; (2) overruling its hearsay objections, including to the testimony of a furniture store appliance sales associate and to exhibits 12 through 14, 21 through 24, and 28 through 30; (3) overruling its foundation objections, including to the testimony of furniture store employees and to exhibits 21 through 25 and 27; (4) overruling its authentication objections, including to exhibits 21 through 24 and 27; (5) permitting DRE's managing partner to give opinion testimony and to answer the questions what he was "'asking the court to do today'" and "'why'" he was asking for it; and (6) permitting Watton to testify and in overruling the various objections made during his examination.

- 993 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

## IV. STANDARD OF REVIEW

[1-4] An action for injunction sounds in equity.[4] On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.[5] And in such an appeal, when credible evidence is in conflict on material issues of fact, the court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.[6] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[7] These standards are central to our review of this appeal, but we set forth other applicable standards below.

## V. ANALYSIS

### 1. Denial of Pretrial Motions

DCB challenges the district court's overruling of its two pretrial motions attacking the pleadings: its motion to dismiss the complaint for failure to state a claim, filed before its answer, and its motion for judgment on the pleadings, filed after the pleadings were completed. A district court's denial of a motion to dismiss is reviewed de novo.[8] A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented.[9] An appellate court independently decides questions of law.[10]

But we question whether, after a trial on the merits, a party may appeal the denial of a motion to dismiss for failure

---

[4] *Christiansen v. County of Douglas*, 288 Neb. 564, 849 N.W.2d 493 (2014).

[5] *Junker v. Carlson*, 300 Neb. 423, 915 N.W.2d 542 (2018).

[6] *Id.*

[7] *Gerber v. P & L Finance Co.*, 301 Neb. 463, 919 N.W.2d 116 (2018).

[8] *D.M. v. State*, 25 Neb. App. 596, 911 N.W.2d 621 (2018).

[9] *In re Trust Created by Hansen*, 274 Neb. 199, 739 N.W.2d 170 (2007).

[10] *Burnham v. Pacesetter Corp.*, 280 Neb. 707, 789 N.W.2d 913 (2010).

to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6) or a motion for judgment on the pleadings under § 6-1112(c). These appear to be issues of first impression in Nebraska.

Both of these motions have some similarity to a motion for summary judgment, the denial of which is neither reviewable nor appealable after the conclusion of a case.[11] All three attack the sufficiency of the pleadings and are applications for an order intended to result in a judgment.[12] Whether a motion for summary judgment should have been granted generally becomes moot after trial. This is because the overruling of such a motion does not decide any issue, but merely indicates that the trial court was not convinced that the moving party was entitled to judgment as a matter of law. After trial, the merits should be judged in relation to the fully developed trial record, not whether a different judgment may have been warranted on the record at summary judgment.[13] Bearing this similarity in mind, we turn to each motion.

(a) Motion to Dismiss

A motion to dismiss under § 6-1112(b)(6) is generally considered the equivalent of a demurrer under our former code pleading system.[14] And under that jurisprudence, the rule was clear: Where a party answered after an adverse ruling on his or her motion or demurrer, and went to trial on the merits of an issue that party elected to join, he or she waived error, if any, in such ruling.[15]

---

[11] See *State ex rel. Peterson v. Creative Comm. Promotions, ante* p. 606, 924 N.W.2d 664 (2019).

[12] See 71 C.J.S. *Pleading* § 600 (2011).

[13] *Guinn v. Murray*, 286 Neb. 584, 837 N.W.2d 805 (2013).

[14] See *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005).

[15] See, *Ivins v. Ivins*, 171 Neb. 838, 108 N.W.2d 99 (1961); *Dinkel v. Hagedorn*, 156 Neb. 419, 56 N.W.2d 464 (1953). See, also, *Buck v. Reed*, 27 Neb. 67, 42 N.W. 894 (1889).

- 995 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

[5] Federal decisions provide some guidance regarding our current rule. Nebraska courts will look to federal decisions interpreting corresponding federal rules for guidance in interpreting similar Nebraska civil pleading rules.[16] Of course, Fed. R. Civ. P. 12(b)(6) is similar to our § 6-1112(b)(6).

Two decisions are helpful. One federal circuit court declared that as a general rule, a defendant may not, after a plaintiff has prevailed at trial, appeal from the pretrial denial of a motion to dismiss for failure to state a claim, but must instead challenge the legal sufficiency of the plaintiff's claim through a motion for judgment as a matter of law.[17] Another circuit reasoned that when a plaintiff has prevailed after a full trial on the merits, a trial court's denial of a motion to dismiss becomes moot.[18] At that point, "[t]he plaintiff has proved, not merely alleged, facts sufficient to support relief."[19]

[6] We hold that generally, the denial of a motion to dismiss under § 6-1112(b)(6) becomes moot after trial. Here, the district court overruled DCB's motion to dismiss for failure to state a claim upon which relief may be granted and DRE prevailed following a trial on the merits. We conclude that DCB's challenge to the overruling of its motion to dismiss is moot.

### (b) Motion for Judgment on Pleadings

A motion for judgment on the pleadings has long been available in Nebraska. It existed under our former code pleading system[20] and is retained in § 6-1112(c) under our notice

---

[16] *Blinn v. Beatrice Community Hosp. & Health Ctr.*, 270 Neb. 809, 708 N.W.2d 235 (2006).

[17] See *Clearone Communications, Inc. v. Biamp Systems*, 653 F.3d 1163 (10th Cir. 2011).

[18] See *Bennett v. Pippin*, 74 F.3d 578 (5th Cir. 1996). See, also, *In re Will of McFayden*, 179 N.C. App. 595, 635 S.E.2d 65 (2006); *Simon v. Jackson*, 855 So. 2d 1026 (Ala. 2003).

[19] *Bennett v. Pippin, supra* note 18, 74 F.3d at 585.

[20] See *Johnson v. State*, 270 Neb. 316, 700 N.W.2d 620 (2005).

- 996 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

pleading system. Formerly, we said: "'A motion for judgment on the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer.'"[21] Like a demurrer, a motion for judgment on the pleadings admits the truth of all well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn therefrom, and the moving party admits, for the purpose of the motion, the untruth of his own allegations insofar as they have been controverted.[22]

Our former jurisprudence on such motions, however, was inconsistent regarding the survival of an adverse ruling after trial. Long ago, we stated that, as with a demurrer, any error on the overruling of a motion for judgment on the pleadings is waived "where the party . . . after motion and waiving demurrer, answers over and goes to trial on the merits of the issue which he has elected to join."[23] But in at least two cases, we considered whether a trial court properly overruled a motion for judgment on the pleadings even though the matter had proceeded to trial.[24]

[7] It appears to be generally accepted elsewhere that the denial of a motion for judgment on the pleadings is reviewable following a trial and decision on the merits.[25] Most jurisdictions adhere to the view that a party who unsuccessfully moves for judgment on the pleadings "must either file additional pleadings or go to trial on the issues joined by the original pleadings, and, by saving exception to the action of the trial court in overruling his motion, obtain a review thereof on appeal from

---

[21] *Vaughan v. Omaha Wimsett System Co.*, 143 Neb. 470, 473, 9 N.W.2d 792, 794 (1943).

[22] *Mueller v. Union Pacific Railroad*, 220 Neb. 742, 371 N.W.2d 732 (1985).

[23] *Becker v. Simonds*, 33 Neb. 680, 684, 50 N.W. 1129, 1131 (1892).

[24] See, *Board of Educational Lands & Funds v. Gillett*, 158 Neb. 558, 64 N.W.2d 105 (1954); *Gilbert v. First National Bank*, 154 Neb. 404, 48 N.W.2d 401 (1951).

[25] See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1372 (3d ed. 2004 & Supp. 2018).

- 997 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

the final judgment, if adverse."[26] The Eighth Circuit determined that after a jury verdict in favor of the plaintiff, it was required to review the assertion that the trial court erroneously denied the defendant's rule 12(c) motion.[27]

But a treatise has suggested a better solution:

> In most situations the evidence at trial will depart from the pleadings and, in view of Rule 15(b), the pleadings will be deemed amended to conform to the evidence, absent a showing of prejudice to the other party, and the original judgment on the pleadings motion probably rendered moot. When the evidence is consistent with the pleadings, the appellate court should order a judgment entered for the defendant on the ground that the facts elicited at trial demonstrated a good defense to the action rather than because of the defect in the pleadings.[28]

[8] Neb. Ct. R. Pldg. § 6-1115(b) is substantially identical to Fed. R. Civ. P. 15(b).[29] Our rule explicitly provides that

> amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues*.[30]

We have recognized that even when a party does not move to amend pleadings, a court may constructively amend pleadings on unpleaded issues in order to render a decision consistent with the trial.[31]

Under the circumstances here, DCB's motion for judgment on the pleadings is essentially moot. DRE moved to amend its complaint to conform to the evidence that DCB

---

[26] Annot., 14 A.L.R.2d 460, 466 (1950).

[27] See *Sinclair Refining Co. v. Stevens*, 123 F.2d 186 (8th Cir. 1941).

[28] 5C Wright & Miller, *supra* note 25, § 1372 at 278.

[29] See *Blinn v. Beatrice Community Hosp. & Health Ctr., supra* note 16.

[30] § 6-1115(b) (emphasis supplied).

[31] See *Zelenka v. Pratte*, 300 Neb. 100, 912 N.W.2d 723 (2018).

- 998 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

used names other than its true legal name, but the district court overruled the motion because the court believed the matter had already been incorporated into the allegations made. The issue of whether DCB used a trade name other than its true name was tried, and under § 6-1115(b), the failure to amend did not affect the result of the trial on the issue. Therefore, DCB's argument premised upon the complaint's allegation became moot. Although the district court's explanation was not precisely tied to § 6-1115(b), the net effect was the same. The result of the trial was not affected by the original allegation that DCB was using the trade name "Denali Custom Builders, Inc." This assignment of error lacks merit.

### 2. Motion for Directed Verdict

DCB alleges that the district court erred in overruling its motion for directed verdict. A directed verdict is proper at the close of all the evidence only when reasonable minds cannot differ and can draw but one conclusion from the evidence, that is, when an issue should be decided as a matter of law.[32]

[9] DCB moved for directed verdict at the close of DRE's evidence, but it did not renew the motion after it rested. We have long held that a defendant who moves for a directed verdict at the close of the plaintiff's evidence and, upon the overruling of such motion, proceeds with trial and introduces evidence, waives any error in the ruling on the motion.[33] But here, we conclude the error is not waived, because DCB's evidence—an attorney fee affidavit—was directed not to DRE's case in chief, but only to its own motion for attorney fees. Nonetheless, our analysis of this issue merges into that of the court's finding in favor of DRE on the merits. So we turn to that issue.

---

[32] *Armstrong v. Clarkson College*, 297 Neb. 595, 901 N.W.2d 1 (2017).

[33] *Bradley T. & Donna T. v. Central Catholic High Sch.*, 264 Neb. 951, 653 N.W.2d 813 (2002). See, also, *Boardman v. McNeff*, 177 Neb. 534, 129 N.W.2d 457 (1964).

- 999 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

### 3. Finding in Favor of DRE on Merits

DCB quarrels with the court's ultimate judgment in favor of DRE on each of its three causes of action. We begin with the statutory definition of two key terms. Neb. Rev. Stat. § 87-208 (Reissue 2014) provides:

> As used in sections 87-208 to 87-219.01, unless the context otherwise requires:
>
> . . . .
>
> (2) Person means an individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership, limited liability company, unincorporated association, or two or more of the foregoing having a joint or common interest or any other legal or commercial entity;
>
> . . . .
>
> (4) Trade name means every name under which any person does or transacts any business in this state other than the true name of such person.

Based on these definitions, DCB argues that "Denali Custom Builders, Inc." is not a trade name because it is the corporation's true name. DCB's argument—that by using only its true legal name, it cannot be liable for misuse of DRE's trade names—does not necessarily comport with Neb. Rev. Stat. § 87-216 (Reissue 2014). But, here, it is not necessary to decide that question.

[10] Here, the evidence showed that DCB did not limit itself to its legal corporate name: DCB also held itself out to be "Denali Custom Builders." At trial, the court heard evidence that DCB displayed that name on its advertising, social media, website, and signs. In *White v. Board of Regents*,[34] we adopted the following definition for "use" of a trade name from the Restatement (Third) of Unfair Competition: "'[A] designation is "used" as a . . . trade name . . . when the designation is

---

[34] *White v. Board of Regents*, 260 Neb. 26, 36, 614 N.W.2d 330, 338 (2000), quoting Restatement (Third) of Unfair Competition § 18 (1995).

- 1000 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

displayed or otherwise made known to prospective purchasers in the ordinary course of business in a manner that associates the designation with the goods, services, or business of the user . . . .'" We noted in *White* that at common law, the use of a trade name may be established by its appearance on signs, documents employed in conducting business, mail solicitations, or advertising.[35] The evidence showed that DCB used "Denali Custom Builders" on signs and advertising. Under § 87-208(4), "Denali Custom Builders" is a trade name: It is a name under which DCB transacted business, and it is not DCB's true name.

Thus, DCB's central theme of defense failed. We now turn to DRE's respective claims.

(a) Trade Name Infringement

Under Neb. Rev. Stat. § 87-209(6) (Reissue 2014), protection is given to trade names registered in this state.[36] DRE registered two trade names in Nebraska: "Denali Construction" and "Denali Homes."

[11] In a case for trade name infringement, the plaintiff has the burden to prove by a preponderance of the evidence the existence of (1) a valid trade name entitled to protection and (2) a substantial similarity between the plaintiff's and the defendant's names, which would result in either actual or probable deception or confusion by ordinary persons dealing with ordinary caution.[37] This analysis requires two steps.

[12] The first step is to determine whether DRE's trade names are entitled to protection. We disagree with DRE and the district court that "Denali" alone is a valid trade name entitled to protection. The evil sought to be eliminated by trade name protection is confusion.[38] We doubt one would confuse "Denali

---

[35] See *id.*

[36] *Prime Home Care v. Pathways to Compassion*, 283 Neb. 77, 809 N.W.2d 751 (2012).

[37] *Id.*

[38] *Id.*

- 1001 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

Burgers" or "Denali Clothing" with "Denali Construction" or "Denali Homes." And generic words, whose primary meaning is merely descriptive of the business to which they are applied or which are such as are in common use for that purpose, cannot be exclusively appropriated as a trade name.[39] But each of DRE's trade names, "Denali Construction" and "Denali Homes," is sufficiently distinctive.

The next step is to determine whether there has been an infringement on DRE's trade names. Likelihood of confusion is key.

[13] The likelihood of confusion in the use of trade names can be shown by presenting circumstances from which courts might conclude that persons are likely to transact business with one party under the belief they are dealing with another party. If the similarity is such as to mislead purchasers or those doing business with the company, acting with ordinary and reasonable caution, or if the similarity is calculated to deceive the ordinary buyer in ordinary conditions, it is sufficient to entitle the one first adopting the name to relief.[40]

[14] Among the considerations for determining whether trade name confusion exists are (1) degree of similarity in the products offered for sale; (2) geographic separation of the two enterprises and the extent to which their trade areas overlap; (3) extent to which the stores are in actual competition; (4) duration of use without actual confusion; and (5) the actual similarity, visually and phonetically, between the two trade names.[41] So, what did the evidence show on these factors?

The answer is clear: DRE's evidence showed confusion between DCB's "Denali Custom Builders" and DRE's registered trade names of "Denali Construction" or "Denali Homes." The entities build new homes, similar in style. They operate in eastern Nebraska, including Lincoln. Businesses building

---

[39] *Nebraska Irrigation, Inc. v. Koch*, 246 Neb. 856, 523 N.W.2d 676 (1994).

[40] *Prime Home Care v. Pathways to Compassion, supra* note 36.

[41] *Id.*

similar new homes in the same city are likely to be in competition with one another. Within 8 months of DCB's incorporation, actual confusion about the entities arose, and DRE filed its complaint.

Confusion can be of a customer and also those likely to do business with the entity, including wholesalers, banks, utility providers, et cetera.[42] Evidence of misdirected mail, including bills from suppliers, is sufficient to indicate actual confusion from similarity of trade names.[43] DRE adduced evidence of actual confusion on the part of a potential purchaser (Watton), a lumber company, two employees of a furniture store, and a utility provider. Further, the names implicate businesses in the home-building industry. Denali Custom Builders sends much the same message as Denali Construction or Denali Homes.

The presence of actual confusion distinguishes this case from previous decisions. In *Dahms v. Jacobs*,[44] we were unable to find that "'The Depot'" and "'The Denim Depot'"—both clothing stores—were so alike as to be likely to cause confusion in the minds of the public. We specifically held that "the plaintiff in this case has failed to show, as he must, either actual or probable confusion."[45] Similarly, in *Nebraska Irrigation, Inc. v. Koch*,[46] in determining that the plaintiff did not prove a clear right to injunctive relief concerning the trade names "'Nebraska Irrigation'" and "'Nebraska Irrigation Sales & Equipment,'" we noted the absence of any specific instances of confusion. The Nebraska Court of Appeals concluded that a

---

[42] See *Hong's, Inc. v. Grand China Buffet*, 19 Neb. App. 331, 805 N.W.2d 90 (2011).

[43] See *Powder River Oil v. Powder River Petroleum*, 830 P.2d 403 (Wyo. 1992).

[44] *Dahms v. Jacobs*, 201 Neb. 745, 748, 272 N.W.2d 43, 45 (1978).

[45] *Id*.

[46] *Nebraska Irrigation, Inc. v. Koch, supra* note 39, 246 Neb. at 862, 523 N.W.2d at 681.

plaintiff failed to meet its burden to show actual confusion in the use of the trade names "'China Buffet'" and "'Grand China Buffet.'"[47] But here, DRE showed, by the greater weight of the evidence, actual confusion. Accordingly, DRE was entitled to relief on its trade name infringement claim.

### (b) Deceptive Trade Practices

[15] Section 87-302 enumerates deceptive trade practices. As relevant to the facts of this case, a corporation engages in a deceptive trade practice when, in the course of its business, it causes the likelihood of confusion or of misunderstanding as to "the source, sponsorship, approval, or certification of goods or services" or "affiliation, connection, or association with, or certification by, another."[48]

[16] As set forth above, the evidence showed that DCB's use of "Denali Custom Builders" in the course of its business caused confusion regarding the source of goods or services and its affiliation or association with DRE's entities. And within 5 months of DCB's incorporation, attorneys for DRE sent a letter notifying DCB that it was infringing on DRE's trade names and that such infringement was likely to cause confusion in the marketplace. Further, while a claim for the misuse of a trade name considers only the trade name seeking protection, a claim for a deceptive trade practice expands the consideration to issues of image and trade dress.[49] DRE's managing partner testified that DCB's signage and its website used the same fonts and colors as those used by DRE. And, indeed, our examination of the exhibits reveals that these similarities are

---

[47] See *Hong's, Inc. v. Grand China Buffet, supra* note 42, 19 Neb. App. at 338, 805 N.W.2d at 97.

[48] See § 87-302(a)(2) and (3).

[49] See *Powder River Oil v. Powder River Petroleum, supra* note 43. See, also, *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 209, 120 S. Ct. 1339, 146 L. Ed. 2d 182 (2000) ("'trade dress'" originally included only product's packaging but had been expanded by lower courts to encompass product's design).

particularly striking. We conclude that DRE met its burden of proof to show that DCB engaged in deceptive trade practices. On this claim, DRE was also entitled to relief.

### (c) Interference With Business Relationship

[17,18] To succeed on a claim for tortious interference with a business relationship or expectancy, a plaintiff must prove (1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted.[50] One of the basic elements of tortious interference with a business relationship requires an intentional act that induces or causes a breach or termination of the relationship or expectancy.[51]

The district court did not make any explicit finding regarding a breach or termination of a business relationship or expectancy. It found that DRE "had a valid business relationship with its suppliers and an expectancy of a business relationship with the consuming public." It then reasoned that DCB "knew or had knowledge that using the trade name could cause interference and that interference was substantially certain to result." The court found that DCB's "use of 'Denali' interfered with the business relationships of [DRE] in the ways claimed by [DRE]."

Our review of the record failed to uncover evidence that DCB's use of "Denali" or "Denali Custom Builders" induced or caused a breach or termination of a business relationship or expectancy. Confusion about identity alone did not satisfy

---

[50] *Thompson v. Johnson*, 299 Neb. 819, 910 N.W.2d 800 (2018).

[51] See, *Recio v. Evers*, 278 Neb. 405, 771 N.W.2d 121 (2009); *Pettit v. Paxton*, 255 Neb. 279, 583 N.W.2d 604 (1998); *Miller Chemical Co., Inc. v. Tams*, 211 Neb. 837, 320 N.W.2d 759 (1982), *disapproved on other grounds, Matheson v. Stork*, 239 Neb. 547, 477 N.W.2d 156 (1991).

- 1005 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

this element. There was no evidence that the confused lumber supplier, furniture store, or utility ceased its relationship with DRE due to the confusion. Similarly, although Watton and his wife—prospective customers—were confused about whether DRE built a home that they toured, there was no evidence that this confusion led them to end a potential relationship with DRE. We have stated that "when the defendant's interference is directed toward the third party, with whom the plaintiff has contracted, and the interference did not cause the third party to breach the contract, it is difficult to conceive how the plaintiff would prove causation."[52] Here, the record is void of evidence that a business relationship or expectancy of DRE was breached or terminated due to DCB's use of "Denali Custom Builders."

Upon our de novo review, we conclude that DRE failed to establish its claim for interference with a business relationship. But this makes no real difference: The relief ultimately granted was amply supported by DRE's claims for trade name infringement and deceptive trade practices. We turn to the specific elements of this relief.

### 4. Awarding DRE Statutory Damages and Attorney Fees

A statute sets forth the remedies available for misuse of a trade name. It specifically authorizes damages of $1,000 and reasonable attorney fees:

> Any registrant of a trade name may proceed by suit to enjoin the use, display, or sale of any counterfeits or imitations thereof, and a court of competent jurisdiction may restrain such use, display, or sale on terms which the court deems just and reasonable and may require the defendants to pay to the registrant (1) all profits attributable to the wrongful use, display, or sale, (2) all damages caused by the wrongful use, display, or sale, or (3) both

---

[52] *Pettit v. Paxton, supra* note 51, 255 Neb. at 288, 583 N.W.2d at 610.

such profits and damages, and reasonable attorney's fees. *In lieu of the remedies available in subdivisions (1), (2), and (3) of this section, the court may require the defendants to pay statutory damages of one thousand dollars and reasonable attorney's fees.* The court may order that any counterfeits or imitations in the possession or under the control of any defendant be delivered to an officer of the court, or to the complainant, to be destroyed.[53] As DCB highlights, § 87-217 does not require a court to make such an award. Nonetheless, the statute clearly permitted the court's award of statutory damages of $1,000 and payment of reasonable attorney fees. And DCB does not contest the amount of fees awarded. The court properly awarded damages and attorney fees. Upon our de novo review, we reach the same conclusion regarding this relief.

## 5. INJUNCTION

DCB also quarrels with the injunction entered by the court. The court enjoined DCB from "using or displaying the name 'Denali' in its business in any manner whatsoever." Once again, upon de novo review, we reach the same conclusion.

[19,20] DRE proved both misuse of a trade name and deceptive trade practices. Section 87-217 authorizes a registrant of a trade name—which DRE is—to proceed by suit to enjoin the use or display of imitations of its trade name. Similarly, § 87-303(a) authorizes a court to grant an injunction against the person committing the deceptive trade practice. Eliminating "Denali" from "Denali Custom Builders" should suffice to eliminate the confusion between DCB and DRE's trade names.

DCB also challenges the court's order that it "remove the name 'Denali' from any registration of its corporate name or trade name with the Nebraska Secretary of State." It asserts that such an order is "not exactly an injunction" and that "[i]t

---

[53] See § 87-217 (emphasis supplied).

- 1007 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
302 NEBRASKA REPORTS
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

is one thing to prohibit [DCB] from doing an act, but quite another to require it affirmatively do an act."[54]

[21,22] However, § 87-303(a) permits a court to "order such additional equitable relief as it deems necessary to protect the public from further violations." In an equitable action, the district court is vested with broad equitable powers and discretion to fashion appropriate relief.[55] And once an appellate court acquires equity jurisdiction, it can adjudicate all matters properly presented and grant complete relief to the parties.[56]

Upon our de novo review and in light of the relief specifically authorized by § 87-303(a), we conclude this equitable relief is necessary to grant complete relief to DRE. Contrary to DCB's argument, we are not compelling a new and distinct affirmative act. Rather, we are prohibiting DCB from perpetuating the confusion resulting from its registration of one name and its later operation under a variant deceptively similar to DRE's previously registered trade names. Under these circumstances, permitting DCB to revert to using only its legal corporate name would reward it for its deceptive conduct. Under the circumstances here, we find no merit to DCB's argument.

6. REMAINING ASSIGNMENTS OF ERROR

We have considered DCB's remaining claims—that the court erred in denying its request for attorney fees and in admitting evidence over objections—and find them to be without merit. A point-by-point rejection of each contention would needlessly lengthen our decision without enhancing our existing

---

[54] Brief for appellant at 33.

[55] See *State on behalf of Lockwood v. Laue*, 24 Neb. App. 909, 900 N.W.2d 582 (2017). See, also, *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006) (action in equity vests trial court with broad powers authorizing any judgment under pleadings).

[56] See *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012).

- 1008 -

Nebraska Supreme Court Advance Sheets
302 Nebraska Reports
DENALI REAL ESTATE v. DENALI CUSTOM BUILDERS
Cite as 302 Neb. 984

jurisprudence. Upon our de novo review, we find no error or abuse of discretion in the respects alleged.

## VI. CONCLUSION

We summarize our conclusions. The denial of DCB's motion to dismiss under § 6-1112(b)(6) is moot. Its argument regarding the denial of its motion under § 6-1112(c) lacks merit. DRE met its burden of proof regarding its claims for trade name infringement and deceptive trade practices, but it did not establish tortious interference with a business relationship or expectancy. DRE was entitled to statutory damages, attorney fees, and injunctive relief, and this relief is unaffected by our determination that DRE proved only two of its three causes of action. Having found no error or abuse of discretion in the other respects alleged, we affirm the district court's judgment.

Affirmed.